636 P.2d 303

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Billy Gene POWERS,
Defendant-Appellant.**

**No. 4996.**

Court of Appeals of New Mexico.

Oct. 15, 1981.

John B. Bigelow, Chief Public Defender, Ellen Bayard, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

HENDLEY, Judge.

Convicted of two counts of armed robbery, defendant appeals. The sole issue on appeal is the failure of the trial court to dismiss the indictment because defendant was denied his right to a speedy trial. Issues raised in the docketing statement but not briefed on appeal are deemed abandoned.

The armed robberies with which defendant was charged occurred on November 11

and 13, 1978. Defendant was subsequently arrested in Sherman County, Texas, and on November 20, 1978, his Texas probation was revoked. On November 22, 1978, information was received by the Bernalillo County Sheriff's Office from the Sherman County Sheriff's Office in Texas that defendant had admitted committing armed robberies in Albuquerque. After defendant confessed to one crime, the Bernalillo County Sheriff's Office sent more details of the crime to Texas. Defendant subsequently made a second confession in more detail and admitted to two other crimes.

On November 27, 1978, defendant was indicted in Colfax County, New Mexico, for armed robbery which occurred between November 10 and 14, 1978. On November 28, 1978, a bench warrant was issued by Colfax County. On March 14, 1979, the defendant was indicted by Bernalillo County, based on defendant's confessions, which were delivered sometime between November 22, 1978, and March, 1979. On March 19, 1979, a bench warrant was issued based on the Bernalillo County indictment.

In March, 1979, defendant was brought to Colfax County pursuant to a detainer. On March 23, 1979, defendant was convicted in Colfax County and given a 10 to 50 year sentence, with all but five years suspended, to be served consecutively to the Texas sentence. Defendant was returned to the Texas penitentiary approximately two weeks later. A hold was placed on him by the Bernalillo County District Attorney's Office. Defendant was transferred to the New Mexico penitentiary on December 10, 1979. On February 7, 1980, defendant was sent to Minnesota as a result of the riots at the New Mexico State Penitentiary and on August 18, 1980, he was returned. He was arraigned September 2, 1980, on the indictment. Defense counsel entered his appearance on September 9, 1980. No efforts were made to extradite defendant while he was in the Texas penitentiary.

Defendant contends that the indictment should have been dismissed based on the denial of his right to a speedy trial. In determining whether a defendant has been denied a right to a speedy trial, the court must engage in a difficult and sensitive balancing process of at least four factors—length of the delay, reason for the delay, defendant's assertion of his right, and prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977).

An eighteen month delay was presumptively prejudicial whether there was or was not an excuse for the delay. Here, there was no excuse for the delay nor did defendant assert his right for a speedy trial. Any prejudice shown by defendant is minimal. Only the *possibility* of the right of serving this sentence concurrently with the one being served in Texas gave rise to any prejudice. This possibility, not being a right, can hardly be construed as actual prejudice. Under the facts of this case, there is no showing of oppressive pretrial confinement or impairment of his defense.

Balancing these four factors, we agree with the trial court and conclude that the defendant was not denied his right to a speedy trial. The trial court correctly applied the balancing test outlined in *State v. Tafoya, supra*.

Affirmed.

WALTERS and DONNELLY, JJ., concur.