722 P.2d 692

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Johnnie Louis KILPATRICK,
Defendant-Appellant.**

No. 8039.

Court of Appeals of New Mexico.

June 19, 1986.

Certiorari Denied July 23, 1986.

442

Paul G. Bardacke, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Paul J. Kennedy, Albuquerque, for defendant-appellant.

## OPINION

DONNELLY, Judge.

Defendant appeals his conviction for aggravated assault with firearm enhancement. The single issue on appeal is whether the trial court erred in denying defendant's motion to dismiss the indictment because he was denied his right to a speedy trial. Another issue listed in the docketing statement, but not briefed, is abandoned. *State v. Smith*, 102 N.M. 512, 697 P.2d 512 (Ct.App.), *cert. denied*, 102 N.M. 492, 697 P.2d 492 (1985). We reverse.

A prior opinion of this court affirming defendant's conviction and rejecting defendant's claim of denial of a speedy trial was reversed by the supreme court in *Kilpatrick v. State*, 103 N.M. 52, 702 P.2d 997 (1985). The cause was remanded to this court to determine whether defendant was

prejudiced, and otherwise unduly subjected to interferences and disruptions listed in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971), by the delay between his arrest and indictment so as to warrant dismissal of the charge against him.

Defendant was the owner of an apartment complex in Albuquerque. The charge against defendant arose out of a dispute between defendant and a tenant. Defendant denied assaulting the tenant. The tenant and her mother gave evidence to the contrary, asserting that defendant threatened the tenant with a handgun following an argument.

The alleged assault occurred on February 23, 1983. Defendant was arrested and booked into jail on the same day. He posted a $2,500 surety bond and then was released. Thereafter, nothing further occurred for ten months. In December 1983, defendant received a target letter notifying him that the case would be presented to a grand jury. A grand jury indictment was returned against defendant in January, 1984. Defendant moved to dismiss the indictment based upon irregularities in the grand jury proceedings. The district court granted the motion in February, 1984.

A second indictment was filed against defendant in March, 1984. Defendant again moved to dismiss the indictment alleging that he had been deprived of his right to a speedy trial and asserted that an important defense witness had been lost due to prosecution delay. At the hearing on this motion, defendant tendered an affidavit which indicated that Burt Bateman, a tenant who lived across from the complaining witness, was present when the altercation allegedly occurred and was a "witness to the fact that I did not point a gun at Ms. Sandoval or anyone else * * *." The affidavit also stated that after defendant's arrest and release from jail on bond, he spoke to Bateman. Defendant alleged that Bateman informed him that he had given a statement on defendant's behalf to a police investigator who had visited him at the premises and that the statement did not

implicate defendant in the alleged offense. In March or April, 1983, one or two months after the alleged assault, Mr. Bateman died.

At the hearing on the motion to dismiss for denial of a speedy trial, the prosecutor informed the trial court that following defendant's arrest, the state obtained an arrest report and sought a supplemental report which was not received until March, 1983. No explanation was given by the state concerning the basis for delay in the prosecution of the case between the period of March and December, 1983. The trial court denied defendant's motion to dismiss. Thereafter, trial was set by the court for June 11, 1984. However, the trial court granted a continuance to June 12, 1984, because of a scheduling conflict of the prosecution.

**RIGHT TO SPEEDY TRIAL**

Defendant challenges the denial of his right to a speedy trial and asserts that the eleven months which elapsed between his arrest and initial indictment constituted prejudicial preindictment delay. Defendant also cites as evidence of denial of his right to speedy trial, the fact that a delay of over fifteen months occurred between defendant's initial arrest and the date of trial. Defendant's assertion of denial of a speedy trial is grounded on the Sixth and Fourteenth Amendments to the United States Constitution and on Article II, Section 14, of the New Mexico Constitution.

In *Kilpatrick v. State,* our supreme court held that defendant herein, had made a sufficient showing of prejudice concerning his constitutional right to a speedy trial, so as to invoke the balancing factors enumerated in *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982) and *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Relying on *MacDonald* and *Marion,* the New Mexico Supreme Court stated that, because "defendant [Kilpatrick] posted a surety bond of $2500 on the day he was arrested, and lived under its 'impairment of liberty' and the cloud of 'unresolved criminal charges' for

almost a year before the indictment was filed", defendant's right to a speedy trial was triggered. *Id.,* 103 N.M. at 52–53, 702 P.2d at 997–98.

■ The underlying purpose of the right to a speedy trial is the orderly expedition of the criminal process. *State v. Mascarenas,* 84 N.M. 153, 500 P.2d 438 (Ct.App.1972). While inordinate delay between arrest, indictment and trial may impair the ability of an accused to present an effective defense, thereby violating due process rights, the speedy trial guarantee is directed principally toward the protection of other interests. *United States v. Marion.* The Court in *MacDonald* recognized the protected interests identified by the Court in *Marion* as follows:

The Sixth Amendment right to a speedy trial is * * * not primarily intended to prevent prejudice to the defense caused by passage of time; that interest is protected primarily by the Due Process Clause and by statutes of limitations. The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.

*MacDonald,* 456 U.S. at 8, 102 S.Ct. at 1502.

■ In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court articulated the standard for analyzing whether a defendant was deprived the right to a speedy trial right and instructed that "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case[.]" *Id.* at 522, 92 S.Ct. at 2188. In order to facilitate this case-by-case analysis, the Court articulated a four-pronged balancing test in which "the conduct of both the prosecution and the defendant are weighed." *Id.* at 530, 92 S.Ct. at 2192 (footnote omitted). The four prongs are: the length of the delay, the

reason for the delay, the defendant's assertion of the right, and the prejudice to the defendant. *See also State v. Romero,* 101 N.M. 661, 687 P.2d 96 (Ct.App.1984). Whether delay between initiating an indictment and completing defendant's trial amounts to violation of the speedy trial right depends on the circumstances of each case. *See Barker v. Wingo; Cain v. Smith,* 686 F.2d 374 (6th Cir.1982).

■ In the instant case, almost sixteen months elapsed between the date of defendant's initial arrest and the start of the trial. There was a lapse of over ten months between defendant's arrest and first indictment. The delay was presumptively prejudicial. Where a presumption of prejudice exists, the balancing factors established in *Barker v. Wingo* must be considered. *See United States v. Loud Hawk,* —— U.S. ——, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986); *State v. McCrary,* 100 N.M. 671, 675 P.2d 120 (1984); *State v. Duran,* 91 N.M. 756, 581 P.2d 19 (1978). We apply the *Barker v. Wingo* balancing process and each of the factors listed in *United States v. Marion,* as required by *Kilpatrick v. State* to the facts of the instant case.

**(a) Length of Delay**

■ Over ten months elapsed between defendant's arrest and initial indictment. The record indicates that defendant was released on bond the same day of the incident. Until the length of delay is presumptively prejudicial, inquiry into the other balancing factors is unnecessary. *State v. Santillanes,* 98 N.M. 448, 649 P.2d 516 (Ct.App.1982). Whether delay is presumptively prejudicial is primarily determined by the nature and complexity of the crime. For example, "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192. Here, there was a preindictment delay of over ten months in a relatively simple aggravated assault case, and over fifteen months passed until defendant's trial commenced. There was no showing that the alleged

victim was unavailable or unwilling to testify. No attempt was made to explain the major portion of the period of delay.

The Court in *United States v. Loud Hawk* held that the time during which an indictment is dismissed and defendant is not subjected to substantial restriction of his liberty should not be weighed in the length of delay in a speedy trial claim.

■ Considering these factors, we find this extended delay excessive and weigh this factor against the state.

### (b) Reasons for Delay

Defendant was arrested and released on bond on February 23, 1983. He received a target letter in December, 1983; thereafter, the grand jury returned an indictment in January, 1984. On defendant's motion, the first indictment was dismissed in February, 1984. The second indictment was filed in March, 1984, and defendant's trial began on June 12, 1984.

The record in this case shows approximately one month of explained delay between the arrest and obtaining of the supplemental report, coupled with over ten months of unexplained delay which occurred between the supplemental investigative report and issuance of the initial indictment. An additional month elapsed following the court's dismissal of the first indictment, prior to the filing of a second indictment in March, 1984. Three months later, trial commenced on June 12, 1984.

■ According to the Court in *Barker v. Wingo,* different weights should be assigned to different reasons for delay. For example, a deliberate attempt to delay should be weighed heavily against the prosecution. *Id.* A neutral reason, such as negligence or extensive caseload, "should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.* at 531, 92 S.Ct. at 2192. Finally, a valid reason, such as a missing witness, may constitute a justification excusing delay. *Id.*

■ The state offered no reason for the nine-month period of unexplained delay in indicting the defendant. Accordingly, the defendant must also prevail on this prong of the test.

### (c) Assertion of Right

Whether an accused asserts his right to a speedy trial is a factor to be considered in applying the balancing factors. Here, defendant timely asserted his speedy trial right at the appropriate stage of prosecution. While a defendant under peril of possible waiver of this right must timely invoke his demand for a speedy trial, defendant is not required to expedite his own indictment. *Barker v. Wingo.* Thus, prior to the filing of the first indictment, herein, defendant was not required to assert his right.

■ Defendant also was not required to assert the right to a speedy trial when the first indictment was filed. That indictment was faulty and was dismissed. Following the dismissal of the first indictment, defendant had no duty to insist that the state indict him again. Finally, when the second indictment was filed, defendant did raise the issue of the denial of his right to a speedy trial. We find no waiver or delay in defendant's assertion of this right.

### (d) Prejudice to Defendant

Defendant asserts that the state has failed to explain the basis for the delay which occurred between his initial arrest and issuance of the first indictment. In *Barker v. Wingo,* the Court divided this analysis into three subsections: oppressive pretrial incarceration, anxiety and concern of the accused, and impairment of the defense.

**(1) Oppressive Pretrial Incarceration.** Defendant was incarcerated following his arrest. However, shortly after his arrest, he posted bail. The incarceration, although brief, did constitute an aspect of oppression. Additionally, as a result of this arrest, defendant was subjected, *inter alia,* to certain obligations and restrictions on

his freedom of movement as a condition of release. As specified in the order releasing defendant from custody following his arrest, defendant was ordered as a condition of bail: (1) not to leave Bernalillo County without court permission; (2) keep his attorney informed of his whereabouts and report changes in his home or work address; and (3) report in person once a week to the office of his attorney. These restrictions remained in effect for fifteen and one-half months, approximately nine months of which the state offered no explanation for the delay.

**(2) Anxiety and Concern of the Accused.** Defendant does not satisfy this aspect of our inquiry. His testimony that until he received a target letter he thought the prosecution had been abandoned, indicates that until that event, his anxieties and concerns were minimal.

■ **(3) Impairment of the Defense.** In *Barker v. Wingo*, the Court expressly stated, "[i]f witnesses die or disappear during a delay, the prejudice is obvious." *Id.* at 532, 92 S.Ct. at 2193. *Compare*, however, *State v. Duran*. Here, because of the lengthy unexplained delay, we weigh this factor in favor of defendant.

Weighing the facts of this cause by the *Barker v. Wingo* factors, the guidelines set out in *United States v. Marion*, and *Kilpatrick v. State*, we conclude the trial court improperly denied defendant's motion to dismiss, and the lengthy unexplained delay in the prosecution violated defendant's right to a speedy trial. Significantly, for the major portion of the period between defendant's arrest and initial indictment, the state offered no explanation as to the reasons for the lengthy delay.

The judgment and sentence are reversed and the cause is remanded with instructions to dismiss the charge against defendant.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.