773 P.2d 356

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Carlos TARTAGLIA, Defendant–Appellee.**

No. 10253.

Court of Appeals of New Mexico.

March 2, 1989.

Certiorari Denied April 18, 1989.

Hal Stratton, Atty. Gen., Gail McQuesten, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Susan Gibbs, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Chief Judge.

The state appeals the trial court's dismissal of the indictment against defendant on speedy trial and due process grounds. In a memorandum opinion filed December 27, 1988, we reversed. Defendant timely filed a motion for rehearing, urging this court to decide which party has the burden of proof on the speedy trial issue, and arguing for remand rather than reversal. We now withdraw our earlier opinion in this case and substitute the following therefor. We reverse the trial court's order of dismissal with prejudice based on due process grounds, set aside the dismissal on speedy trial grounds, and remand for further proceedings on that issue consistent with this opinion.

## FACTS

Defendant moved to dismiss, claiming violation of his speedy trial right and of due process based on prosecutorial delay. At the hearing on the motion, the parties stipulated to "a number of operative facts," which we summarize.

On December 12, 1984, defendant was arrested on several drug violations. The record does not indicate whether he was charged with a crime or required to post bond at that time. The arrest led to the revocation of defendant's parole, and, as a result, he was incarcerated from December 12, 1984 to May 1985 for the prior conviction.

On March 12, 1985, while incarcerated, defendant was indicted for the crimes of possession of heroin, valium, and drug paraphernalia. A notice of the indictment was sent to defendant's home address, and a bench warrant was issued for his arrest. When defendant was released from custody in May 1985, neither he nor the prison authorities were aware of the outstanding warrant. Except for the period of his incarceration, defendant lived at the same address throughout these events.

On February 26, 1987, defendant was arrested. The next day he posted bond and was released. He was arraigned on March 6, 1987, and the public defender's office entered its appearance on March 31, 1987. On April 21, 1987, defendant filed a motion to dismiss, claiming the delay of almost two years between the indictment and his arraignment violated his speedy trial and due process rights.

### 1. *Speedy Trial*

Defendant contends that prosecution of the charges against him was barred because he was denied his right to a speedy trial as guaranteed by the sixth amendment to the United States Constitution and

Article II, Section 14 of the New Mexico Constitution.

■ When an accused asserts that his right to a speedy trial has been violated because of a delay in bringing him to trial, we analyze his claim under the four-factor balancing test set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). These factors are the length of the delay, the reason for the delay, the assertion of the right to a speedy trial, and the prejudice to the defendant as a result of the delay. *Id.; see also State v. Grissom*, 106 N.M. 555, 746 P.2d 661 (Ct.App. 1987); *State v. Kilpatrick*, 104 N.M. 441, 722 P.2d 692 (Ct.App.1986). The length of the delay is a triggering device. Until the length of delay is deemed presumptively prejudicial, there is no inquiry into the other three *Barker* factors. *Id.* Whether a delay is presumptively prejudicial is determined primarily by the nature and complexity of the crime involved. *State v. Kilpatrick.*

■ Since a fundamental constitutional right is involved, courts must engage in a balancing process by weighing the conduct of both the prosecution and the defense, and by taking into account the particular facts and circumstances of the case. *Barker v. Wingo; State v. Kilpatrick.* A court must be sensitive to the weight it assigns to each factor and to their interrelation; it must recognize that more is involved than the tallying of factors favoring one party or the other. In the appeal of a speedy trial claim, we independently balance the same factors the trial court considered. *State v. Grissom.* Before doing so, however, we find it necessary to discuss the delegation of the burden of proof of the *Barker* factors since it has not been decisively addressed by our prior case law.

### (a) *Burden of Proof*

■ We consider this issue by initially noting that a movant generally bears the burden of proof as to the relief he seeks. *See, e.g., State v. Gardner*, 95 N.M. 171, 175, 619 P.2d 847, 851 (Ct.App.1980) (holding that since it was defendants' motion to suppress, not the state's, defendants had the burden to come forward with evidence sufficient to raise the issue claimed in the motion). Since defendant claims his sixth amendment rights have been violated, he should bear the burden of producing evidence to support his claim. *See People v. Small*, 631 P.2d 148 (Colo.) (En Banc), *cert. denied*, 454 U.S. 1101, 102 S.Ct. 678, 70 L.Ed.2d 644 (1981) (defendant has burden of proving that his constitutional speedy trial right has been denied). We analyze each of the *Barker* factors in the context of the burden of proof.

### (1) *Length of Delay*

■ To establish the presumption of prejudicial delay that triggers the *Barker* balancing test, defendant must present evidence of the length of the delay. *See Shleffar v. Superior Court*, 178 Cal. App.3d 937, 223 Cal.Rptr. 907 (1986). The state may then rebut this showing by establishing that portions of this time are attributable to defendant's conduct and therefore the time involved is not impermissibly long. *See, e.g., People v. Tisdale*, 141 A.D.2d 583, 529 N.Y.S.2d 795 (1988); *see also State v. Tarango*, 105 N.M. 592, 734 P.2d 1275 (Ct.App.1987) (defendant cannot complain of denial of a speedy trial where he caused or contributed to the delay).

### (2) *Reason for Delay*

■ Although we have said that a defendant generally bears the burden of proof as to the relief he seeks, as to the reason for delay, once the defendant has established a length of delay sufficient to raise a presumption of prejudice, thus triggering the *Barker* balancing test, the burden of coming forward is on the state to justify the delay. *See State v. Romero*, 101 N.M. 661, 687 P.2d 96 (Ct.App.1984). It is much easier for the state to prove the reason for the delay than to place upon a defendant the burden of proving a negative, particularly when the information may not be readily available to him. *Cf. Brown v. Safeway Stores, Inc.*, 82 N.M. 424, 483 P.2d 305 (Ct.App.1970). In *State v. Ackley*, 201 Mont. 252, 653 P.2d 851 (1982), the court held that once the presumption of

prejudice arises, the state bears the burden of explaining the delay and showing an absence of prejudice. While we agree that the state has the burden of coming forward to explain the delay, we disagree that that burden shifts merely because of the presumption of prejudice. Under *Barker*, the prejudice from the length of delay only triggers the balancing test and does no more. Moreover, we disagree with *Ackley*, as we will discuss later, that the presumption places the burden on the state of showing an absence of prejudice to the defendant.

### (3) Assertion of Right

■ Logically, defendant must also bear the burden of proving that he timely asserted his right to a speedy trial. *See Barker v. Wingo; State v. Grissom; State v. Kilpatrick.*

### (4) Prejudice

■ Finally, we consider the factor of prejudice to defendant. The elements of this fourth prong of the *Barker* test include oppressive pretrial incarceration, the anxiety and concern to defendant caused by delay, and the impairment to his defense caused by delay. "Of these [subfactors], the most serious is the last. . . ." *Barker v. Wingo*, 407 U.S. at 532, 92 S.Ct. at 2193.

■ Defendant argues that the presumption of prejudice raised by the length of the delay should carry over into the consideration of this factor. He argues that once the presumption has arisen, he need not produce more evidence of prejudice and that the state must come forward to rebut the prejudice. Defendant claims that if the state fails to do so, this factor weighs in his favor. We disagree for the reasons that follow.

First, under *Barker*, the presumption of prejudice because of a lengthy delay is merely a "triggering mechanism." 407 U.S. at 530, 92 S.Ct. at 2192. *See also State v. Kilpatrick.* It acts simply to trigger inquiry into the other *Barker* factors; it does not function to summarily answer the separate factor of prejudice to a defendant. Although the *Barker* Court found

the delay in that case presumptively prejudicial, it is significant that the Court engaged in a separate analysis of prejudice without carrying this presumption forward, and found no violation of the speedy trial right even though there was a five-year delay.

A subsequent Supreme Court opinion also did not carry the presumption forward. In *United States v. Loud Hawk*, 474 U.S. 302, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986), the Court found a presumptively prejudicial delay. However, in analyzing the prejudice factor separately, the Court noted that, although there was a possibility of prejudice, "[t]hat possibility of prejudice is not sufficient to support respondents' position that their speedy trial rights were violated." *Id.* at 315, 106 S.Ct. at 656. If the presumption of prejudice from the length of the delay carried forward, then the fact that the defendants showed only the "possibility of prejudice" would have been immaterial, since they would not have had to make *any* showing on the prejudice factor.

Second, it is difficult to conceive of how the state could come forward and effectively rebut a presumption of prejudice from time lapse alone without knowing, at the least, how defendant claims he was prejudiced. For example, how could the state rebut a claim that a potential exculpatory witness has disappeared, causing prejudice to the defense, when the state may be unaware of the existence of such a person? How could the state rebut claims of anxiety and concern without some claim made by defendant that he, in fact, suffered such consequences from the delay? To state the proposition that the state must affirmatively rebut prejudice without knowing what prejudice defendant claims shows the impossibility of adopting defendant's position. Our supreme court has held that the right to a speedy trial places no obligation on the state to "accept as true all claims of an accused that his ability to defend himself has been impaired by delay." *State v. Crump*, 82 N.M. 487, 491, 484 P.2d 329, 333 (1971).

■ We do not require that a defendant show "actual prejudice." That is the standard for due process claims, not speedy trial claims, and requires a defendant to establish how his defense would have been more successful absent the delay. *See, e.g., State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). Rather, in a claim of denial of a speedy trial, a defendant must present specific corroboration of his contention of prejudice. *See State v. Grissom.* Speculative, unspecified allegations of possible prejudice will not meet this burden. *See id. See also, e.g., United States v. Loud Hawk; United States v. Richards*, 707 F.2d 995 (8th Cir.1983); *State v. Romero.* In the event that a defendant makes a prima facie showing of specific prejudice, the state can then either present evidence to rebut the claim of prejudice or prove that the prejudice was not harmful.

In *State v. Mascarenas*, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972), this court indicated that once the presumption of prejudice is established, the burden of proving the *absence* of prejudice may be on the state. However, in that case, we held that the defendant prevailed because he made claims of prejudice which were uncontradicted and thus constituted an unrebutted prima facie showing of prejudice. Specifically, he claimed prejudice because of a fifteen-month pretrial incarceration. In so holding, this court provided alternative grounds for finding a violation of the speedy trial right, but did not specifically determine that the presumption carried forward. Moreover, this court noted that other New Mexico decisions seem to infer that defendants have the burden of demonstrating prejudice.

*Kilpatrick* also arguably carried over the presumption of prejudice to the consideration of the prejudice factor. We held, "[B]ecause of the lengthy unexplained delay, we weigh [the prejudice to defendant] factor in favor of defendant." 104 N.M. at 446, 722 P.2d at 697. However, we also considered the defendant's affidavit, which set forth the exculpatory evidence which would have been provided by a witness who died during the pendency of the charges. As in *Mascarenas*, the defendant came forward with his contentions of prejudice, and did not rely on the presumption alone. Coupling this with the delay, we found the defendant's right had been violated. It cannot be said, however, that we considered only a presumption of prejudice in making this determination.

Other New Mexico cases suggest that a defendant must offer some non-speculative evidence of prejudice and may not merely rely on a presumption of prejudice to prove the prejudice factor. In *State v. Tafoya*, 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977), *modified on other grounds, Kilpatrick v. State*, 103 N.M. 52, 702 P.2d 997 (1985), the court stated that "the failure of defendant to show any prejudice was ... to be considered." *Id.* at 124, 570 P.2d at 1151. *See also State v. Powers*, 97 N.M. 32, 636 P.2d 303 (Ct.App.1981); *State v. Baca*, 82 N.M. 144, 477 P.2d 320 (Ct.App.1970).

We agree with the analysis of the Idaho Supreme Court in *State v. Holtslander*, 102 Idaho 306, 310, 629 P.2d 702, 706 (1981), as to the function of the presumption of prejudice.

> The usefulness of the presumption of prejudice is primarily limited to the "triggering" role of length of delay. [It provides] a means for screening frivolous cases. Without a showing of actual prejudice or a presumption of prejudice, further inquiry into the infringement of a defendant's right to a speedy trial is cut off. *However, the usefulness of the presumption is considerably more limited in the balancing process.* [Emphasis added.]

■ In summary, we hold that a defendant who claims a speedy trial violation must bear the burden of proof on all of the *Barker* factors except the reason for the delay. The state may then affirmatively rebut any showing which a defendant has made on the other factors in order to avoid having the *Barker* factors weighed against it by default.

### (b) *Analysis*

In this case, the state agrees that the first three *Barker* factors, length of delay,

reason for delay, and assertion of right, should be weighed in defendant's favor. It points out that, since defendant offered no evidence whatsoever of prejudice, the fourth factor should weigh heavily against him. In seeking reversal, the state argues that, since defendant was unaware of the indictment during most of the period of delay, coupled with the fact that the reason for the delay was not intentional and there was no prejudice, the dismissal should be reversed. On the other hand, defendant argues that not only does he have the benefit of the first three *Barker* factors weighing in his favor, but the presumption of prejudice resulting from the length of delay carries over into the balancing and establishes the fourth factor, unless rebutted by the state. It was because of this dilemma as to the effect of the presumptive prejudice that we addressed the burden of proof issue.

Defendant argues that, if we hold the presumption of prejudice does not carry forward, he should be allowed to put on evidence of specific facts showing prejudice, since he relied on earlier cases by this court that either stated or implied that the presumptive prejudice would satisfy the fourth *Barker* factor. *See, e.g., State v. Kilpatrick; State v. Mascarenas.*

 While it is not apparent from the record of proceedings on defendant's motion to dismiss that he argued the presumption of prejudice would carry over, and though the trial court did not expressly rely upon that in its ruling, nevertheless, the memorandum filed by defendant at the hearing in support of his motion to dismiss can be read to make that argument. Accordingly, we believe it only fair, in light of defendant's reasonable reliance upon earlier cases, that he be given an opportunity to make a showing of specific prejudice. We therefore decline to engage in a weighing of the *Barker* factors, although such may be done independently by the reviewing court, since an important factor, prejudice, has not been developed by evidence. We remand to allow defendant the opportunity to put on whatever proof he has and to allow the state to rebut it.

 By remanding, we are not holding that defendant must prove prejudice in order to prevail on his speedy trial claim. In *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973), the United States Supreme Court set aside an Arizona court's ruling that a showing of prejudice was essential to establish a speedy trial claim. The Court held, "*Barker v. Wingo* expressly rejected the notion that an affirmative demonstration of prejudice was necessary to prove a denial of the constitutional right to a speedy trial * * *." *Id.* at 26, 94 S.Ct. at 189. We do not find our holding that defendant bears the burden of proof on the prejudice factor inconsistent with *Moore*. *Moore* merely affirmatively answered the question of whether a speedy trial violation can be found in the absence of prejudice. This is so because *Barker* held that none of the four factors was a "necessary or sufficient condition" to finding a deprivation of speedy trial rights. 407 U.S. at 533, 92 S.Ct. at 2193. Clearly, if the first three factors are so heavily weighted in defendant's favor, a court could find his right was violated even though prejudice was absent or minimal. *See State v. Harvey*, 85 N.M. 214, 510 P.2d 1085 (Ct.App.1973). Nothing in *Moore*, however, answered the question of who bears the burden of proof if a defendant claims prejudice. Nor does *Moore* preclude placing that burden upon the defendant.

### 2. Due Process

 To prevail on his claim that he was denied due process because of the delay, defendant must prove actual prejudice to his defense by showing that his defense would have been more successful had the delay been shorter. *See State v. Duran; State v. Grissom.* Defendant did not present any evidence of such actual prejudice and thus failed to support his claim that the delay caused him to lose his right to due process. The mere lapse of time alone, without other proof, is insufficient to establish prejudice. *State v. Duran.* Defendant's claim that the presumption of prejudice carries over does not apply to the due process claim. *See id.*

CONCLUSION

We reverse the trial court's dismissal of the indictment against defendant on due process grounds and remand on the speedy trial claim for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DONNELLY and CHAVEZ, JJ., concur.