STATE of New Mexico,
Plaintiff–Appellee,

vs.

Vincent ZURLA, a/k/a Vincent James Zurla, a/k/a Henry Vialpando, a/k/a Harry Vialpando, a/k/a David Vincent Serna, Defendant–Appellant.

No. 10230.

Court of Appeals of New Mexico

March 14, 1990.

MEMORANDUM OPINION

DONNELLY, Judge.

On motion for rehearing our prior opinion is withdrawn and the following is substituted.

Defendant, Vincent Zurla, appeals from a felony conviction for shoplifting over $100, contrary to NMSA 1978, Section 30–16–20(B)(2) (Repl.Pamp.1984). He claims the trial court erred by refusing to dismiss the indictment against him on: (1) speedy trial grounds and (2) due process grounds. We affirm.

FACTS

Defendant was arrested and placed in custody on December 14, 1985, for shoplifting. The next day he posted a $2,500 surety bond and was released. On either January 24 or 25, 1986, his parole on a previous conviction was revoked because of his consumption of intoxicating beverages and because of the shoplifting charge. Several days later, defendant was incarcerated in a facility of the Department of Corrections (DOC) on the prior conviction as a result of the parole revocation. A short time later defendant filed a pro se motion to be tried on the shoplifting charge within six months.

On August 26, 1986, defendant was indicted for shoplifting over $100, count I, and conspiracy to commit shoplifting, count II. The following month, the bond that defendant had posted in metropolitan court on the shoplifting arrest was transferred to district court. For some unexplained reason, defendant was not arraigned in district court until March 2, 1987, over six months after indictment. Defendant's trial was set for April 27, 1987, and at his request it was continued to July 16, 1987. On May 22, 1987, defendant was released from custody.

On July 9, 1987, defendant filed a motion to dismiss the indictment against him on speedy trial and due process grounds because of the preindictment and postindictment delays. The trial court denied defendant's motion. At trial, defendant was found guilty on count I and acquitted on count II.

I. CLAIM OF DENIAL OF SPEEDY TRIAL

Claims alleging denial of a right to a speedy trial under the sixth amendment of the United States Constitution and Article II, Section 14 of the New Mexico Constitution are decided on a case-by-case basis. *See Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Grissom,* 106 N.M. 555, 746 P.2d 661 (Ct. App.1987); *State v. Kilpatrick,* 104 N.M. 441, 722 P.2d 692 (Ct.App.1986). Proof of the passage of time, without more, is not determinative of allegations of denial of a speedy trial. *Barker v. Wingo.* In *Barker,* the Supreme Court enumerated four factors for courts to consider in reviewing speedy trial claims, the first of that is the length of delay. A delay which is sufficient to give rise to a presumption of prejudicial delay must exist before the other *Barker* factors—reason for the delay, assertion of the right to a speedy trial, and prejudice to defendant—are evaluated to determine whether a defendant has been denied his right to a speedy trial. *State v. Grissom; State v. Kilpatrick.* In this balancing test, the conduct of both the prosecution and the defense are weighed. *See*

*id.* The weight to be assigned to these factors depends upon the particular facts and circumstances of the case. *See Barker v. Wingo.* A finding in favor of one party on any one of these factors is not necessarily dispositive of the speedy trial claim; rather, these factors are interrelated and must be considered in toto, together with other relevant circumstances of the case. *See id. See also Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Since a fundamental right is involved, courts must engage in a sensitive and difficult balancing process. *Id.* On appeal, we independently balance the factors the trial court considered in deciding whether a defendant's right to a speedy trial has been violated. *State v. Grissom.*

Defendant has the burden of proving that his constitutional right to a speedy trial has been denied. *State v. Tartaglia,* 108 N.M. 411, 773 P.2d 356 (1989). In this case, the state and defendant agree that the length of delay gives rise to a presumptively prejudicial delay that is sufficient to trigger an inquiry into the other *Barker* factors. *See State v. Kilpatrick.* They also agree that the reasons for the delay and assertion of the right factors should be weighed in the defendant's favor. They disagree on the evaluation of and weight to be given to the remaining *Barker* factor—prejudice to defendant.

We have independently reviewed the evidence on the first three factors, and agree with the parties that they should be weighed in defendant's favor. We note, however, that the reason for delay is not weighed heavily against the state since the delay was negligent, not deliberate. *See State v. Kilpatrick.* Because there is no dispute as to these factors, we need examine only the prejudice factor, and then balance all four factors.

### Prejudice to Defendant

In conducting this analysis we recognize that "the major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense." *United States v. Marion,* 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). Prejudice to defendant should be assessed in light of the interests the speedy trial right was designed to protect, and include undue or oppressive pretrial incarceration, the anxiety and concern of defendant accompanying public accusation, and the possibility of impairment to the defense. *See Barker v. Wingo. See also United States v. Marion.*

The state argues that if we find no prejudice to defendant, this finding should weigh more heavily than the other factors and thus tip the scales in the state's favor. The state urges us to follow the rule of the Eleventh Circuit that unless the other *Barker* factors weigh heavily against the state, defendant must demonstrate actual prejudice to prove a speedy trial violation. *See United States v. Mitchell,* 769 F.2d 1544 (11th Cir.1985), *cert. denied,* 474 U.S. 1066, 106 S.Ct. 819, 88 L.Ed.2d 792 (1986). We decline to adopt such a rule on an inflexible basis because *Barker* does not indicate that any one factor should carry more weight than any other factor. Rather, *Barker* instructs that no single factor is either a necessary or sufficient condition to a finding of a speedy trial violation, and that all of the factors are related and should be considered together, along with other relevant facts and circumstances of the case. 407 U.S. at 533, 92 S.Ct. at 2193.

We do not apply the same test for proving a claim of denial of speedy trial as is required for proving a claim of due process violation under the fourteenth amendment of the United States Constitution and New Mexico Constitution, Article 2, Section 18. *See State v. Grissom* (in proving a claim of preindictment delay in a due process claim, defendant must show actual prejudice as a result of the delay by showing how his defense would have been more successful absent the delay. The state's conduct is then weighed against the actual prejudice to determine if defendant has been substantially prejudiced by the delay). Different purposes underlie the speedy trial right and the due process clause as those provisions relate to a claim of prosecutorial delay. The underlying purpose of the speedy trial right is the orderly expedition of the criminal process, while the due process

clause is primarily intended to prevent prejudice to the defense because of the passage of time. *See State v. Kilpatrick.*

Defendant claims that both the entire seventeen months of his incarceration on the parole revocation and the bond's impairment of his liberty constitute oppressive pretrial incarceration. The state claims the incarceration should not be considered because defendant would have been confined as a result of the parole violation regardless of whether or not he was timely tried on the new charges. We decline to adopt a fixed rule on this factor and, pursuant to *Barker*, decide the issue under the particular facts existing in each individual case.

In weighing the element of the restraint on defendant's liberty in this case, we determine that defendant has failed to establish the existence of any prejudice arising from his pretrial incarceration due in part to a parole revocation stemming from an unrelated offense. *See Mackey v. State*, 279 Ark. 307, 651 S.W.2d 82 (1983) (although trial commenced a year after defendant's arrest, he was not denied a speedy trial where, following his arrest, his parole was revoked, but he was not jailed solely on the pending charge). *See also State v. Dudley*, 433 A.2d 711 (Me.1981); *State v. Harvey*, 184 Mont. 423, 603 P.2d 661 (1979).

Defendant argues that his incarceration on an unrelated offense should be counted in evaluating his speedy trial claim, relying upon *Raburn v. Nash*, 78 N.M. 385, 431 P.2d 874 (1967) and *State v. Harvey*, 85 N.M. 214, 510 P.2d 1085 (Ct.App.1973). In *Raburn* the court held that a prisoner does not forfeit his right to a speedy trial solely because he is confined in the penitentiary under sentence for another offense. Similarly, in *Harvey* (Wood, C.J. and Hendley, J., specially concurring), this court found an accused's incarceration in another state does not restrict his speedy trial claim.

However, these cases do not answer the question before us, that is, whether the incarceration for the parole violation should be considered as oppressive pretrial incarceration for *this* crime. Under the record before us we find no prejudice to defendant resulting from his pretrial incarceration. The only period of restraint on defendant's liberty solely resulting from the shoplifting charge was less than one and one-half months from the date of his posting bond to his incarceration for the parole violation. *See State v. Kilpatrick* (the restrictions imposed by bond on defendant's freedom of movement are factors to be considered in evaluating a claim of denial of a speedy trial). The time from his release from DOC until the second trial setting two months later should not be considered because defendant was responsible for the delay during this period. *See State v. Grissom.*

In evaluating this factor, we find that the time period during which defendant was incarcerated or subject to pretrial incarceration did not constitute an oppressive period of time. *Cf. Barker v. Wingo* (minimal prejudice to defendant resulting from delay of over five years even though he was incarcerated ten months of this period and then released on bail); *State v. Ackley*, 201 Mont. 252, 653 P.2d 851 (1982) (forty-one days of actual pretrial incarceration is not a determinative factor in considering defendant's claim of denial of speedy trial right).

a.  Anxiety and Concern of the Accused

Defendant argues the delay deprived him of the opportunity to seek concurrent sentences for the term left on his prior conviction and for the term on the shoplifting charge. The possibility of serving a sentence concurrently has been held not to be a right and that factor alone cannot amount to prejudice. *State v. Tarango*, 105 N.M. 592, 734 P.2d 1275 (Ct.App.1987). *See also State v. Powers*, 97 N.M. 32, 636 P.2d 303 (Ct.App.1981). Under the facts before us, we do not weigh this element in favor of either party.

b.  Impairment to Defense

Defendant argues that the delay caused two witnesses to become unavailable when they *might* otherwise have provided testimony favorable to the defense. The evidence was, at best, conflicting as to wheth-

er these witnesses did see the events giving rise to defendant's arrest. *Cf. State v. Lucero,* 91 N.M. 26, 569 P.2d 952 (Ct.App. 1977) (claim of prejudice because of lost witnesses is insufficient where defendant made no showing as to their lost testimony). The mere possibility that these witnesses may have appeared and testified on defendant's behalf had the delay been shorter is insufficient to establish an impairment to the defense. *See State v. Tartaglia.* In addition, defendant made no showing of his attempts to locate these witnesses. *See State v. Evans,* 19 Or.App. 345, 527 P.2d 731 (1974), *cert. denied,* 423 U.S. 843, 96 S.Ct. 77, 46 L.Ed.2d 63 (1975) (no prejudice where defendant does not show his efforts to obtain lost evidence to defend himself). Therefore, we weigh this element in the state's favor.

Our evaluation of the fourth balancing factor discloses that defendant has failed to establish that he sustained any prejudice.

In summation of the speedy trial claim, the length of prosecutorial delay was sufficient to raise a presumption of prejudice, thereby triggering our evaluation of the remaining *Barker* factors in light of the facts and circumstances of this case. Although the first three *Barker* factors are weighed in favor of defendant we do not weigh them heavily against the state. In weighing the fourth factor we find that any prejudice to defendant as a result of the delay was not significant. *See Barker v. Wingo. Cf. United States v. Avalos,* 541 F.2d 1100 (5th Cir.1976), *cert. denied,* 430 U.S. 970, 97 S.Ct. 1656, 52 L.Ed.2d 363 (1977) (describes the three levels of prejudice that may require reversal of a conviction: (1) a showing of actual prejudice even when the three remaining factors are not weighted heavily in favor of accused; (2) deliberate and lengthy government delay for tactical advantage; and (3) when the three other elements of the *Barker* test are heavily weighted in favor of the accused, accused does not need to demonstrate any prejudice); *State v. Harvey,* 85 N.M. 214, 510 P.2d 1085 (Wood, C.J. & Hendley, J., specially concurring) (an inadequately explained twenty-six-month delay and asser-

tion of a speedy trial right by defendant required dismissal on speedy trial grounds despite an equivocal showing of prejudice).

Thus, in the instant case in balancing the *Barker* factors, we do not find that the first three factors weigh heavily in favor of defendant. Coupled with the fact that defendant has not presented proof of any prejudice resulting from the delay, we conclude the trial court properly denied defendant's claims of denial of speedy trial.

## II. CLAIM OF DENIAL OF DUE PROCESS

Defendant also asserts the approximately eight-month delay between his arrest in December 1985 and his indictment in August 1986 deprived him of due process because the "unavailability" of two potential witnesses impaired his defense. At the July 1987 pretrial hearing on defendant's motion to dismiss the indictment, defendant's wife testified that a friend, Flora Garcia, and another woman unknown to the Zurlas waited in the car while she and defendant were in K–Mart. Garcia moved to California at some unspecified time after defendant's arrest. Defendant argues the delay caused prejudice to his defense because Garcia was no longer available at the time of trial. He argues the prejudice exists because she "might have seen the arrest" and thus corroborate his story that he was arrested inside the store. However, none of the testimony at the hearing supports his contention. There was no evidence presented that Garcia or the other unknown woman saw anything. In fact, Mrs. Zurla testified upon direct examination that the car was parked "a little bit far," so the two women could not have seen the store doors. Defendant admitted in his brief that he "could not establish conclusively what these witnesses would have been able to testify about."

To prevail on a claim that prosecutorial delay caused a deprivation of due process, the defendant must show the delay caused substantial prejudice, that is, his defense would have been more successful absent the delay. *State v. Duran,* 91 N.M. 756, 757, 581 P.2d 19, 20 (1978); *State v. Lewis,*

107 N.M. 182, 754 P.2d 853 (Ct.App.1988). Substantial prejudice means "actual prejudice to the defendant together with unreasonable delay of the prosecution." *State v. Duran*, 91 N.M. at 757–58, 581 P.2d at 20–21. Lapse of time alone is insufficient to establish prejudice. *Id.* at 757, 582 P.2d at 20; *State v. Jojola*, 89 N.M. 489, 490, 553 P.2d 1296, 1297 (Ct.App.1976).

Defendant has failed to show the substantial prejudice required to obtain dismissal of the indictment under the fourteenth amendment. Defendant has made no showing that the potential defense witnesses were unavailable because of the delay or that he made any attempt to contact them. Moreover, the record does not reflect when Garcia left New Mexico. More importantly, defendant has not shown how the witnesses' absence prejudiced his defense. He has only made vague, unsupported allegations that they "might have seen" the arrest and, thus, might have been able to corroborate his version. As noted above, there is no evidence in the record to support this allegation, since defendant's wife admitted that the women were too far from the crime scene to have observed anything. Proof of prejudice must be definite and not speculative. *State v. Lewis.* The mere possibility of the existence of exculpatory evidence cannot suffice to show prejudice to the defense. Rather, defendant must "establish with specificity the critical testimony which [he] assert[s] has been lost or whether this evidence is available from other sources." *State v. Grissom,* 106 N.M. at 566, 746 P.2d at 672. Because defendant has failed to do so, the trial court properly denied his motion to dismiss on due process grounds.

## CONCLUSION

The trial court did not err in denying defendant's motion to dismiss the indictment on either speedy trial grounds or due process grounds. Accordingly, defendant's conviction is affirmed.

IT IS SO ORDERED.

BIVINS, C.J., concurs.

CHAVEZ, J., dissenting.

CHAVEZ, Judge (dissenting).

I cannot agree with the majority's application of the *Barker* factors in this case. I find the seventeen (17) month delay to be inexcusably long in such a simple case. Defendant was in the custody of DOC during most of the delay period. He asserted his right shortly after his arrest. He lost the opportunity for concurrent sentencing and might have had his defense impaired due to the delay.

A finding in favor of one party on any one of the four factors is not necessarily dispositive of a speedy trial claim, *see, Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *State v. Kilpatrick*, 104 N.M. 441, 722 P.2d 692 (Ct. App.1986); *State v. Tartaglia*, 108 N.M. 411, 773 P.2d 356 (1989). Rather, they are related factors and should be considered together, along with any other relevant circumstances. *See Barker, Kilpatrick, Tartaglia.* I disagree that the first three factors do not weigh heavily in favor of defendant.

## LENGTH OF THE DELAY

The length of the delay serves a dual role in the analysis of the right to a speedy trial. *State v. Holtslander*, 102 Idaho 306, 629 P.2d 702 (1981); *Barker v. Wingo*. First, it is a triggering mechanism for screening frivolous cases. Second, it is one of the factors to be considered in the balancing process. Thus, the seventeen-month delay in this case should weigh heavier than a ten-month delay. *State v. Kilpatrick* (over ten months of pre-indictment delay was excessive in a simple assault case). Here, over eight months elapsed between arrest and indictment on a simple shoplifting charge. Defendant was not arraigned until seven months after the indictment and the first trial setting was nine months after the indictment. A total of seventeen-month delay from arrest to trial in an uncomplicated case should be afforded more weight than that given by the majority.

## ASSERTION OF THE RIGHT

A defendant's assertion of his speedy trial right is entitled to strong evidentiary

weight. *Barker v. Wingo.* Here, defendant asserted his right in a *pro se* motion a short time following his arrest. This assertion reflects that defendant wanted a timely resolution of the charges against him and was not gambling that a delay might work to his advantage due to loss of memory, loss of evidence or witness unavailability. I would weigh this factor heavily in defendant's favor.

## REASON FOR THE DELAY

The reason for the delay offered by the state was that it was unaware of defendant's incarceration for much of the time in question. A prisoner does not forfeit his right to a speedy trial solely because he is incarcerated under sentence for another offense, particularly when the state that holds him in prison is the same state that is prosecuting him on the present offense. *State v. Harvey,* 85 N.M. 214, 510 P.2d 1085 (Ct.App.1973); *Raburn v. Nash* 78 N.M. 385, 431 P.2d 874 (1967). In *State v. Harvey* defendant made demands for determination of pending charges while he was incarcerated in California. The state did not seek to extradite him so he could be tried on the New Mexico charges. We held that where the administrative machinery exists, incarceration in a foreign jurisdiction does not provide an adequate reason for the delay and we weighed this factor heavily against the state. Here, defendant was being held in the custody of the state because his parole was revoked. This was partially due to the arrest on the present charge. The state should know the whereabouts of a defendant when it is holding him in custody. According to the testimony of a secretary at the district attorney's office, one phone call to Central Records would have informed the district attorney whether the defendant was being held in custody in any facility in the state. When the machinery exists, the prosecutor has a constitutional duty to attempt to use it. *State v. Harvey.* Upon demand of an accused who is incarcerated, the state must at least make "a diligent, good-faith effort" to obtain his presence for the purpose of trial. *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1968). It would have required minimal effort on the part of the prosecutor to find that the state was holding him in custody. Thus, I would weigh the reason for the delay heavily against the state.

## PREJUDICE TO DEFENDANT

The majority rejects defendant's claim that he suffered prejudice due to the delay. In *Smith v. Hooey,* the U.S. Supreme Court specifically addressed how an unreasonable delay can harm an accused who is incarcerated in another jurisdiction. Many of the same considerations apply to one who is incarcerated in the same jurisdiction. The Court stated:

> First, the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed. Secondly, under procedures now widely practiced, the duration of his present imprisonment may be increased, and the conditions under which he must serve his sentence greatly worsened, by the pendency of another criminal charge outstanding against him.

> .    .    .    .    .

> ... his ability to confer with potential defense witnesses, or even to keep track of their whereabouts, is obviously impaired.

*Id.* at 378–80, 89 S.Ct. at 577–78. Here, defendant lost the opportunity to receive a sentence partially concurrent with the one he was serving. The majority is correct that receiving a concurrent sentence is not a right and does not constitute actual prejudice. *State v. Powers,* 97 N.M. 32, 636 P.2d 303. But an accused is entitled to have something less than actual prejudice weigh in his favor under a speedy trial analysis. *Tartaglia.* If defendant had received concurrent sentencing, he would have spent less time in custody. A trial court has discretion to impose concurrent or consecutive sentences. *State v. Mayberry,* 97 N.M. 760, 643 P.2d 629 (Ct.App.1982) The state's delay, however, took that discretion from the court and guaranteed that defendant would serve a longer sentence. This constitutes enough prejudice in my

opinion to have the oppressive incarceration and anxiety subfactors weigh slightly in favor of defendant, or at least, to make them neutral.

Defendant also claims he lost track of two witnesses who could have corroborated his testimony. He made no definite showing as to what their testimony would be. But did he have opportunity to confer with them, in view of his incarceration? After his release, he was unable to locate them. Had the state brought this case to trial at a reasonable time, the witnesses may have been available to testify regarding what they saw, if anything.

Defendant's assertions as to the lost witnesses may be insufficient to establish an impairment to his defense but this subfactor should not be allowed to tip the scales. *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). The majority, however, rules that defendant's speedy trial right was not violated although the only factor in favor of the state was the impairment of the defense.

By placing undue emphasis on the prejudice factor, the majority rules, in effect, that there is little difference between the application of the speedy trial right and the due process right of an accused. "[T]he major evils protected against by the speedy trial guarantee exist quite apart from actual or possible prejudice to an accused's defense". *United States v. Marion*, 404 U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971). A defendant is not required to show actual prejudice in order to have this factor weigh in his favor. *State v. Tartaglia*. That is the standard for due process, not speedy trial claims. *See, e.g., State v. Duran*, 91 N.M. 756, 581 P.2d 19 (1978). The underlying purpose of the right to a speedy trial is the orderly expedition of the criminal process. *Kilpatrick*. It is not rooted in the prevention of prejudice to a defendant but is "directed principally toward the protection of other interests". *Kilpatrick*, 104 N.M. at 444, 722 P.2d 692.

CONCLUSION

In *Kilpatrick* there was a total of fifteen-month delay between arrest and trial. Defendant did not assert his right until thirteen months after his arrest. He was out on bond the entire time. A witness died two months after the arrest. The only evidence as to the witness's testimony was defendant's affidavit. Yet, in *Kilpatrick* we found a speedy trial violation. By comparison, the present case warrants weighing the factors more in defendant's favor than that afforded defendant Kilpatrick, and by no means should there be a different result.

In the speedy trial balancing process, the conduct of both the prosecution and the defendant are weighed. *Barker v. Wingo, State v. Grissom, State v. Kilpatrick*. It is the state's responsibility to bring an accused to trial within a reasonable time given the circumstances of the case and the complexity of the charges. *Barker, Kilpatrick*. In the balance, this case violated defendant's speedy trial right and the expectations of society in the orderly expedition of the criminal process. *State v. Kilpatrick, State v. Mascarenas*, 84 N.M. 153, 500 P.2d 438 (Ct.App.1972)

I therefore dissent.