This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41302

**KRISTINA LOPEZ,**

Plaintiff-Appellant,

v.

**BERENSON & ASSOCIATES, PC;**
**and RACHEL BERENSON, individually,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Court Judge**

Law Offices of David R. Jordan, P.C.
David R. Jordan
Gallup, NM

for Appellant

Valdez & White Law Firm, LLC
Timothy L. White
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff appealed following the dismissal of the underlying case in its entirety. We previously issued a notice of proposed summary disposition in which we proposed to affirm in part, reverse in part, and remand. Defendants have filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore proceed with the proposed summary disposition.

**{2}** To briefly summarize the relevant background, Plaintiff was formerly employed with Defendants as a paralegal. [Unnumbered DS 1] She filed a charge of discrimination with the New Mexico Human Rights Bureau (the Bureau) on September 13, 2020. [DS 2] The Bureau issued an order on September 14, 2021, reflecting a determination of no probable cause. [DS 2; RP 33-42] The document made clear that review could be pursued by filing a notice of appeal within ninety days after service, in accordance with NMSA 1978, Section 28-1-13(A) (2005), and Rule 1-076 NMRA. [RP 42] Ninety-one days later Plaintiff filed a complaint for violation of the New Mexico Human Rights Act (NMHRA) in the Second Judicial District Court, in cause number D-202-CV-2021-06963. [DS 2] That matter was dismissed without prejudice for lack of prosecution. [DS 2] Plaintiff did not file a motion for reinstatement in that matter. [RP 56] Instead, Plaintiff initiated the underlying action by filing a new complaint on November 16, 2022, advancing claims under the NMHRA as well as claims for breach of implied contract and intentional infliction of emotional distress. [RP 1-8] Defendants moved to dismiss pursuant to Rule 1-012(B)(1) NMRA, contending that the complaint for violation of the NMHRA was not filed in a timely fashion, such that the district court lacked subject matter jurisdiction. [RP 19-22] The district court granted the motion and entered an order dismissing the case in its entirety. [RP 55-58]

**{3}** In her docketing statement on appeal Plaintiff principally challenged the dismissal of her NMHRA claims. [Unnumbered DS 3] We proposed to affirm that aspect of the underlying disposition on grounds that Plaintiff's failure to initiate the underlying proceedings in district court in a timely fashion constituted a jurisdictional defect, rendering dismissal of the NMHRA claims appropriate. *See Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 17, 127 N.M. 282, 980 P.2d 65 (holding that the timely filing of a notice of appeal from an NMHRD order is prerequisite the district court's exercise of jurisdiction over a NMHRA claim, and holding that the district courts must dismiss NMHRA claims if notice of appeal is not timely filed); *Williams v. Mann*, 2017-NMCA-012, ¶ 12, 388 P.3d 295 ("A suit alleging an unlawful discriminatory practice under the NMHRA must be commenced within 90 days of the termination of th[e grievance and administrative] process."); s*ee also* § 28-1-13(A) (stating that a notice of appeal may be filed within ninety days of the Commission's order). We further proposed to reject Plaintiff's suggestion that her ignorance of the relevant procedure, the difficulty she experienced finding counsel to represent her, and her medical condition should supply grounds for equitable tolling. [Unnumbered DS 4] *See Trujillo v. Serrano*, 1994-NMSC-024, ¶¶ 15-19, 117 N.M. 273, 871 P.2d 369 (providing that only the most unusual circumstances beyond the control of the parties will warrant overlooking procedural defects, and explaining that litigants "should not rely on the court's munificence when filing notices of appeal [because i]t is incumbent upon the parties to strictly adhere to our clearly articulated rules of procedure"); *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 (providing that pro se litigants are held to the same standards as litigants represented by counsel); *Bransford-Wakefield v. N.M. Tax'n & Revenue Dep't*, 2012-NMCA-025, ¶ 11, 274 P.3d 122 ("Although an illness is certainly beyond the control of the parties, it is not the kind of court-created error that is paradigmatic of the sort of unusual circumstance that will generally excuse a late filing."). Plaintiff has filed no memorandum in opposition, and the deadline has passed.

Accordingly, for the reasons stated, we uphold the dismissal of Plaintiff's NMHRA claims.

**{4}** In her docketing statement Plaintiff also challenged the dismissal of her claims for breach of implied contract and intentional infliction of emotional distress. [Unnumbered DS 3] As we observed in the notice of proposed summary disposition, [CN 4-5] the viability of those claims was not dependent upon the viability of the NMHRA claim. *See generally Gormley v. Coca-Cola Enters.*, 2004-NMCA-021, ¶¶ 8, 19-24, 135 N.M. 128, 85 P.3d 252 (indicating that employees may pursue independent tort claims for intentional infliction of emotional distress without complying with the NMHRA administrative procedure, and illustrating that claims for breach of implied contract may also be independently pursued). We further observed that although the district court might have perceived Plaintiff's failure to formally pursue reinstatement as grounds for dismissal, [RP 57] it was not incumbent upon Plaintiff to seek reinstatement. *See N.M. Uninsured Emps.' Fund v. Gallegos*, 2017-NMCA-044, ¶ 29, 395 P.3d 533 (explaining that when a case is dismissed without prejudice for failure to prosecute, the dismissal leaves the parties as if no action had been brought at all; and under such circumstances, a party seeking to pursue the matter may either move for reinstatement or file a new cause of action). Finally, we noted that the dismissal of the prior action without prejudice for lack of prosecution could not be said to have precluded Plaintiff from initiating the underlying action by filing a new complaint. *See Bankers Tr. Co. of Cal., N.S. v. Baca*, 2007-NMCA-019, ¶ 8, 141 N.M. 127, 151 P.3d 88 (explaining that a party whose cause of action is dismissed for failure to prosecute is not precluded from "instituting a second action with a new complaint, as long as the applicable statute of limitations has not run"). Ultimately, in the absence of alternative grounds for the disposition, we proposed to hold that the dismissal of Plaintiff's claims for intentional infliction of emotional distress and breach of implied contract was improper. [CN 5]

**{5}** In their memorandum in opposition Defendants offer no substantive basis for the dismissal of those claims. Instead, Defendants invoke the doctrine of plain error, which is inapposite. *See generally State v. Lucero*, 1993-NMSC-064, ¶ 13, 116 N.M. 450, 863 P.2d 1071 ("Plain error . . . applies only to evidentiary matters."). Defendants further suggests that Plaintiff waived or forfeited her claims. [Unnumbered MIO 1-3] However, neither the record nor Defendants' memorandum in opposition contain any indication that Plaintiff expressly waived or forfeited her claims, and we decline to infer waiver or forfeiture from silence. *See generally Truong v. Allstate Ins. Co.*, 2008-NMCA-051, ¶ 75, 143 N.M. 831, 182 P.3d 814 (Vigil, J., dissenting) (observing that silence "is inherently ambiguous and of dubious probative value," and that such ambiguity "must be construed against a waiver"), *rev'd on other grounds*, 2010-NMSC-009, 147 N.M. 583, 227 P.3d 73.

**{6}** Ultimately, insofar as Defendants filed the motion, Defendants bore the burden of establishing a principled basis for the dismissal of Plaintiff's claims. *See generally State v. Tartaglia*, 1989-NMCA-016, ¶ 9, 108 N.M. 411, 773 P.2d 356 (observing that "a movant generally bears the burden of proof as to the relief he seeks"), *overruled in part on other grounds by Zurla v. State*, 1990-NMSC-011, 109 N.M. 640, 789 P.2d 588. In

light of Defendants' failure to satisfy that burden in relation to Plaintiff's claims for intentional infliction of emotional distress and breach of implied contract, we conclude that the dismissal of those claims was improper.

**{7}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm in part, reverse in part, and remand for further proceedings.

**{8}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**