569 P.2d 952
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**David LUCERO, Defendant-Appellant.**

**No. 3092.**

Court of Appeals of New Mexico.

Sept. 13, 1977.

Jan A. Hartke, Chief Public Defender, Reginald J. Storment, Appellate Defender, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant is charged with two felonies. He moved to quash all arrest warrants and to dismiss the information, with prejudice, asserting a denial of the right to a speedy trial and the right to due process "by delay in prosecution and arrest". The motion was denied; we granted defendant's application for an interlocutory appeal. We discuss: (1) right to a speedy trial, and (2) circumvention of Rule of Criminal Procedure 37(b).

The motion was supported by defendant's affidavit and the tendered testimony of defendant's counsel as a witness to certain of the events. The State produced no evidence and contested only one of the factual allegations of defendant. The one allegation contested will be discussed subsequently.

The uncontradicted showing is as follows:

(a) The episode giving rise to criminal charges occurred on either October 25 or 26, 1975.

(b) Defendant was charged in magistrate court with various offenses; the date the criminal complaint was filed does not appear in the record.

(c) Defendant was arrested on the magistrate court charges on December 5, 1975.

(d) Defendant pled not guilty to the magistrate court charges and requested a preliminary hearing. No preliminary hearing was held; defendant moved for dismissal of the charges on December 29, 1975.

(e) The prosecutor filed a nolle prosequi of the magistrate court charges on January 6, 1976, stating that the matter would be presented to the grand jury.

(f) Between January 9 and April 7, 1976, defendant's counsel wrote to the prosecutor four times. These letters (1) informed the prosecutor that defendant was "available" if the prosecutor had "further business" with defendant; (2) reminded the prosecutor that copies of written statements (including defendant's statements) had not been furnished as requested by defendant; and (3) indicated that defendant had information which, if believed, would indicate "no probable cause exists to believe a crime was committed."

(g) Defendant was informed and believed that the prosecutor made two attempts to obtain an indictment against defendant from the Rio Arriba Grand Jury but was unable to obtain a true bill.

(h) The prosecutor filed the criminal information on April 23, 1976. The information charged aggravated assault and aggravated battery.

(i) An arrest warrant was issued on April 23, 1976. An alias warrant was issued April 30, 1976. Another alias warrant was issued in January, 1977. Each of the warrants gave the same Santa Fe address for defendant.

(j) On April 29, 1976 defendant, through his attorney, voluntarily attempted to submit to arrest on the information. This attempt was unsuccessful; the deputy sheriff did not have the "proper papers". Defendant's counsel was informed that he "would be called the next day for Defendant to submit to the voluntary arrest." This was not done.

(k) Thereafter, nothing occurred for some months. Neither defendant nor his attorney was contacted about the matter. On March 15, 1977, defendant learned that an officer was seeking to arrest him. Defendant contacted his attorney and arranged to submit to arrest on March 17, 1977. A return to the alias warrant of April 30, 1976 shows an arrest on March 17, 1977. No returns were filed on the other two warrants.

(1) On the day of the arrest, March 17, 1977, defendant's motion to dismiss was filed.

■ The one contested assertion is that from April 29, 1976, when defendant unsuccessfully sought to submit to arrest, until March 17, 1977, defendant remained available to submit to arrest, did not conceal himself and his whereabouts were known or readily discoverable by authorities. In argument to the trial court, the prosecutor claimed "this particular defendant was not where the Sheriff's Office though that he was". We are not informed as to where the sheriff's office thought defendant might be, nor are we informed that the sheriff ever sought defendant at the address listed on the various warrants or ever contacted defendant's attorney. The prosecutor's contention does not raise a factual issue as to whether defendant was available through his attorney and at the Santa Fe address.

*Right to a Speedy Trial*

We limit our consideration to the time interval between the filing of the information in April, 1976 and defendant's submission to arrest in March, 1977. This period, of approximately ten and one-half months, occurred after the information had been filed. Delay during this period involves the right to a speedy trial. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *State v. Crump*, 82 N.M. 487, 484 P.2d 329 (1971). We do not consider the time between the arrest in December, 1975 and the filing of the information in April, 1976 and, thus, do not determine whether delay in this time period involves due process or the right to a speedy trial. See *United States v. Marion*, supra; *State v. Jojola*, 89 N.M. 489, 553 P.2d 1296 (Ct.App.1976).

■ *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) identifies at least four factors involved in the right to a speedy trial—length of the delay, the reason for the delay, defendant's assertion of the right and prejudice to the defendant. Each of these factors is to be considered; no one factor is a necessary or sufficient

condition for a finding that the right to a speedy trial has been denied. *State v. Harvey*, 85 N.M. 214, 510 P.2d 1085 (Ct.App. 1973).

The delay was some ten and one-half months between the time of filing the information and the time defendant submitted to arrest upon learning that officers were looking for him.

The State presented no evidence to explain the delay. The uncontradicted showing is that defendant was available to the State at any time the State wished to proceed.

On the date the State arrested defendant, he asserted his right to a speedy trial. He had sought, unsuccessfully, to submit to arrest six days after the information was filed. The prosecutor had been informed that defendant was available.

■ Defendant makes two claims of prejudice. One of the claims, concerning loss of witnesses, is insufficient because defendant made no showing as to what testimony has been lost. Compare *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); see *State v. Jojola*, supra.

■ The second claim of prejudice goes to the delay in the preliminary hearing to which defendant was entitled because charged by information. N.M.Const., Art. II, § 14. Defendant stated to the trial court: "The fact that we have not had a preliminary hearing is relevant to our position to dismiss . . . [because] it relates to the matter of prejudice in this case." Defendant was entitled to a preliminary hearing within twenty days of his first appearance, but the first appearance would not occur in this case until he was arrested. Rules of Criminal Procedure 19 and 20. Thus, delay in arrest delayed the preliminary examination.

How did delay in the preliminary examination prejudice defendant? The determination at the preliminary examination is of "probable cause to believe that the defend-

ant has committed an offense". Rule of Criminal Procedure 20(c). To date, the State has avoided a "probable cause" determination by its delay in proceeding with the case.

■ Prejudice must be determined from the circumstances of the case. *Barker v. Wingo*, supra. The nolle prosequi of the magistrate court charge extinguished defendant's right to a preliminary hearing in that case. *State v. Peavler*, 88 N.M. 125, 537 P.2d 1387 (1975). Nevertheless, the circumstances are that the State has been charging defendant with criminal offenses since December, 1975, and has yet to show probable cause that defendant committed the offenses of which he has been charged. The uncontradicted showing in defendant's affidavit is that the magistrate court charges included the charges subsequently made in the information. Defendant's attorney took the position in early 1976 that no probable cause exists; the uncontradicted showing is that after the grand jury refused to indict, the prosecutor charged defendant by information.

Defendant has been prejudiced by the delayed preliminary hearing because he has been subjected to criminal charges without any indication on the State's part that defendant probably committed the offenses charged.

■ The unexplained ten and one-half months delay in a case, brought by information after the grand jury failed to indict, in which there has not yet been a showing of probable cause that defendant committed the crimes charged and in which defendant was available to the State at all times, shows a purposeful delay by the State amounting to a denial of the right to a speedy trial. See *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).

*Circumvention of Criminal Procedure Rule 37(b)*

■ The rule reads:

"(b) *Trial.* The trial shall be commenced within six months after the date of filing in the district court of the complaint, information, indictment, or notice of appeal from the magistrate court or the date of arrest, whichever is later. In the event of a new trial, mistrial or reversal of a conviction on appeal, a subsequent trial shall be commenced within six months after the date of the order granting the new trial, the declaration of the mistrial or the mandate of the appellate court."

As worded, the six-month period did not begin to run until defendant's arrest in May, 1977.

*State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972) states:

"In event a defendant in a criminal case should assert that such a course of procedure has been followed for delay or to circumvent the rule . . . the State must be prepared to demonstrate by proof the bona fides of the procedure it has utilized and that it has not been followed to delay defendant's trial beyond the six-month period . . . or to circumvent the operation of the rule. In event of failure of the State so to do, we would be inclined to look past the form to the substance and hold that the operative date which commenced the running of the period laid down in the rule was that on which the original . . . information was filed."

This language is applicable to this case.

Rule of Criminal Procedure 37(b) expresses the policy of the Supreme Court as to an acceptable length of delay. *State v. Mascarenas*, 84 N.M. 153, 500 P.2d 438 (Ct.App. 1972). Defendant sought dismissal after a ten-and-one-half-month delay; the applicability of the rule was an issue before the trial court where defendant contended that under the circumstances of this case the six-month period had run.

With this contention before the trial court, under *State ex rel. Delgado v. Stanley*, supra, the State was required, by proof, to demonstrate the bona fides of its procedure and that the procedure had not been followed to delay defendant's trial beyond

the six-month period. The State did not meet this burden. Accordingly, we hold that the six-month period began to run when the information was filed April 23, 1976. Defendant's motion to dismiss should have been granted under Rule of Criminal Procedure 37(d).

Because of the denial of the right to a speedy trial and because the six-month period for prosecution had expired, the order of the trial court is reversed. The cause is remanded with instructions to dismiss the information with prejudice and to discharge the defendant.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.