570 P.2d 1148
**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Ricardo TAFOYA, Defendant-Appellee.**

**No. 2997.**

Court of Appeals of New Mexico.

Oct. 11, 1977.

**122**

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Leo C. Kelly, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

The trial court granted defendant's motion to dismiss the indictment because of pre-indictment delay. The State appeals. We discuss three issues: (1) due process; (2) right to a speedy trial; and (3) deciding a speedy trial issue.

The grand jury indictment, filed in the district court on February 16, 1977 charged defendant with committing larceny on May 11, 1976. Defendant moved to dismiss alleging both a denial of due process and a denial of the right to a speedy trial. At the hearing on the motion, the following items were not contested by the prosecutor:

(a) Defendant was arrested on May 11, 1976.

(b) Defendant was "in town" (Albuquerque) from that date until the indictment. In December, 1976 he was indicted for another offense to which he pled guilty.

(c) Delay in indicting defendant on the larceny charge was not caused by any conduct on the part of defendant.

The trial court took the position that the delay was presumptively prejudicial and called upon the prosecutor to explain the delay. The prosecutor could explain only two months of the delay. Disregarding the prosecutor's claim that defendant had not been prejudiced by the delay, the motion to dismiss was granted. The ruling was that there could be many reasons "for a delay in return of indictment. But in the absence of some explanation, the Court will find that it's presumptively prejudicial to wait nine months to indict a man who was arrested at the time of the incident and who's been otherwise available in the community for the past nine months. Therefore, I'll grant the motion to dismiss the indictment."

■ We do not consider two appellate claims of the State. These are: (1) that defendant failed to show he was arrested on May 11, 1976, or (2) that the prosecutor asked for an evidentiary hearing. Neither claim is supported by the record. The prosecutor did not contest the arrest date in the trial court; the prosecutor did not ask for an evidentiary hearing. N.M.Crim.App. 308 applies to the State as well as to a defendant.

## Due Process

■ Both the offense and the arrest occurred on May 11, 1976. The indictment was filed more than nine months later—on February 16, 1977. This pre-indictment delay involves due process. To obtain a dismissal for pre-indictment delay defendant must show that he has been substantially prejudiced. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

■ The contentions of prejudice in the trial court were (a) that a nine-month delay was a showing of prejudice and (b) that because defendant was intoxicated at the time of the offense he had a memory problem which had been compounded by the nine-month delay. Neither claim was a showing of substantial prejudice. *State v. Jojola,* 89 N.M. 489, 553 P.2d 1296 (Ct.App. 1976). The delay was not a violation of due process.

## Right to a Speedy Trial

■ The New Mexico rule is that the period prior to filing the indictment is not to be considered in determining whether there has been a violation of defendant's right to a speedy trial. *State v. Crump,* 82 N.M. 487, 484 P.2d 329 (1971). However, *United States v. Marion, supra,* states:

> "[I]t is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provision of the Sixth Amendment."

*United States v. Lovasco,* 429 U.S. 884, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977) states that speedy trial right is involved "only" where there is a formal charge or " 'actual restraints imposed by arrest and holding to answer a criminal charge' ". (Our emphasis.)

■ There was no denial of the right to a speedy trial in this case unless defendant's arrest on May 11, 1976 resulted in "actual restraints" and unless defendant was held to answer to the larceny charge. Defendant made no showing as to what happened after defendant's arrest. Was he arrested and then released without charges being filed? Was he charged in magistrate court? We do not know. Defendant's showing was insufficient to "engage" the right to a speedy trial. On the showing made, the trial court could not properly dismiss on the basis that there had been a denial of the right to a speedy trial.

## Deciding a Speedy Trial Issue

■ There are at least four factors to be considered in determining whether a defendant has been denied a right to a speedy trial—length of the delay, reason for the delay, defendant's assertion of the right and prejudice to the defendant. *State v. Lucero* (Ct.App.), 91 N.M. 26, 569 P.2d 952, decided September 13, 1977. "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

> "We regard none of the four factors identified above as either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant. In sum, these factors have no talismanic qualities; courts must still engage in a difficult and sensitive balancing process." *Barker v. Wingo, supra.*

"A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis." *Barker v. Wingo, supra.*

■ If defendant's showing had been sufficient to raise a speedy trial issue, the trial court proceeded incorrectly in deciding that issue. The nine-month delay was presumptively prejudicial whether or not there was an explanation for the delay. The delay, and the lack of explanation of the reason for the delay, were two factors to be considered. However, the failure of defendant to show any prejudice was also to be considered. The trial court failed to consider the factors required to be considered and failed to apply the balancing test required by *Barker v. Wingo,* supra.

The order dismissing the indictment is reversed. The cause is remanded with instructions to reinstate the indictment and proceed consistently with this opinion.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.