581 P.2d 873

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard LIBERO, Defendant-Appellant.**

**No. 3372.**

Court of Appeals of New Mexico.

May 23, 1978.

Rehearing Denied June 1, 1978.

Writ of Certiorari Denied July 11, 1978.

Thomas L. Grisham, McCulloch, Grisham & Lawless, P. A., Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Santa Fe, Charlotte Hetherington Roosen, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

Defendant was convicted of four counts of issuing worthless checks under our Worthless Check Act. The applicable statutory provisions are §§ 40–49–1 through 40–49–5, N.M.S.A., 1953 (2d Repl. Vol. 6). We discuss: (1) failure to charge a crime; (2) constitutionality—void for vagueness; (3) instruction; and (4) answer other issues summarily.

### Failure to Charge a Crime

■ Section 40–49–4, supra, makes it an offense to issue a worthless check under the conditions therein stated. Because the Worthless Check Act is not a part of the Criminal Code appearing in Chapter 40A, N.M.S.A.1953 and because, according to defendant, the issuance of a worthless check was not a crime at common law, defendant asserts his issuance of worthless checks did not constitute a crime under New Mexico law. We disagree.

Section 40A–1–4, N.M.S.A.1953 (2d Repl. Vol. 6) defines a crime as an act or omission forbidden by law and for which, upon conviction, a sentence of imprisonment or a fine is authorized. Violation of the Worthless Check Act is a crime. See §§ 40–49–4 and 40–49–5, supra.

The references to the Criminal Code and the common law in § 40A–1–3, N.M.S.A. 1953 (2d Repl. Vol. 6) did not eliminate worthless checks as crimes. Section 40A–29–11(A), N.M.S.A.1953 (2d Repl. Vol. 6) provides:

Whenever a defendant is convicted of a crime under * * * a statute not contained in the Criminal Code, which specifies the penalty to be imposed on conviction, the court shall have the power to pronounce sentence and imposition of fine in accordance with the provisions prescribed in such statute * * *.

The issuance of a worthless check is a crime; defendant was properly sentenced for his four crimes.

### Constitutionality—Void for Vagueness

■ Section 40–49–4, supra, makes it unlawful "to issue in exchange for anything of value, with intent to defraud, any check * * * knowing at the time of the issuing that the offender has insufficient funds in or credit with the bank or depository for the payment of such check".

Defendant contends the word "issue" is unconstitutionally vague. He points out that the crime cannot be committed unless a worthless check is issued, and that "issue" is not defined in the Worthless Check Act. See § 40–49–2, supra. Because of the absence of a statutory definition, he asserts that § 40–49–4, supra, is void for vagueness.

A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning. In determining the question of vagueness, we consider the statute as a whole. *State v. Najera*, 89 N.M. 522, 554 P.2d 983 (Ct.App.1976).

Section 40–49–3, supra, states a legislative purpose "to remedy the evil of giving checks on a bank" without first providing for sufficient funds to pay the check. Thus, "issue" in § 40–49–4, supra, is used in the same sense of "giving" a check in § 40–49–3, supra. "Giving" a worthless check constitutes a representation that the drawer has credit with the drawee bank for the amount involved. *State v. Tanner*, 22 N.M. 493, 164 P. 821, L.R.A. 1917E 849 (1917).

"Issue" and "give" in the Worthless Check Act mean delivery to a holder with a passing of interest from one to another. See *State v. Tooke*, 81 N.M. 618, 471 P.2d 188 (Ct.App.1970); Compare U.J.I. Crim. 16.34. To violate § 40–49–4, supra, one must issue the check in exchange for value, with the requisite intent and knowledge. Section 40–49–4, supra, gave defendant notice of the prohibited act; it is not void for vagueness.

■ *State v. Ferris,* 80 N.M. 663, 459 P.2d 462 (Ct.App.1969) held the totaling provision of § 40–49–5, supra, was void for vagueness. Defendant asserts the totaling provision was "interpreted against the Defendant." This is factually incorrect; no totaling has been employed. Defendant infers that because the totaling provision was held unconstitutionally vague, that somehow other parts of the Worthless Check Act are also unconstitutionally vague. The claim is frivolous. See *State v. Ferris,* supra.

*Instruction*

■ In connection with the elements of the crimes, defendant requested the jury be instructed that defendant must have "issued" the particular check involved. The trial court refused this request; it substituted the word "gave". The jury was instructed that it must be proved that defendant "gave" the various checks involved. Defendant asserts this substitution resulted in the jury not being instructed on an essential element of the crime.

We pointed out, in the previous issue, that "issue" in § 40–49–4, supra, and "give" in § 40–49–3, supra, are used in the same sense. The use of "gave" in the instruction accords with the language of the Worthless Check Act and is consistent with the use of "gave" in U.J.I. Crim. 16.34. No essential element of the offense was omitted; refusal of defendant's request was not error.

*Issues Summarily Answered*

(a) Defendant was originally indicted on worthless check charges on April 6, 1977. This indictment was dismissed, by written order, on June 9, 1977. On July 1, 1977 the order of dismissal was amended to read "without prejudice". On July 13, 1977 defendant was indicted for a second time on most of the worthless check charges set forth in the original indictment. Defendant moved to dismiss the charges in the second indictment on the basis that the charges in the original indictment were still pending. This claim lacks a factual basis. The original indictment was dismissed;

written orders in the court file show the dismissal and its subsequent amendment. The charges in the original indictment were not "still pending".

■ (b) Defendant's first trial, under the second indictment, ended in a mistrial. Defendant contends his second trial, at which he was convicted, was barred by double jeopardy because the trial court abused its discretion in declaring the mistrial. This claim is frivolous. The record and the tapes show that, while deliberating, the jury sent several notes to the judge, that upon receipt of the last note which indicated a hopeless deadlock, the foreman advised, in open court, that further deliberation would be futile. The trial court then declared a mistrial. The mistrial was declared after lengthy jury deliberation, stated by defendant to have lasted two and one-half days. The trial court did not abuse its discretion in declaring a mistrial. See *State v. Brooks,* 59 N.M. 130, 279 P.2d 1048 (1955) as modified in *State v. Castrillo,* 90 N.M. 608, 566 P.2d 1146 (1977). There was a plain and obvious reason to declare a mistrial—a hopelessly deadlocked jury. Defendant's retrial did not violate double jeopardy.

■ (c) Defendant asserts he was denied his right to a speedy trial under the original indictment. This contention is frivolous; the original indictment was dismissed. Defendant asserts he was denied a right to a speedy trial under the second indictment. This indictment was filed in July, 1977; his first trial in October, 1977 ended in a mistrial; the second trial, resulting in the convictions, was on November 9, 1977. These facts do not show a denial of a speedy trial. Defendant claims a denial of a speedy trial because of the elapsed time from the date of the original indictment, April 6, 1977, until his conviction under the second indictment on November 9, 1977. Defendant relies entirely on an elapsed time of slightly over seven months; delay, in itself, does not establish the denial of a speedy trial. Defendant does not discuss the other factors involved in deciding a speedy trial issue. *State v. Tafoya,* 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977); *State v.*

*Lucero*, 91 N.M. 26, 569 P.2d 952 (Ct.App. 1977). Defendant also argues circumvention of Rule of Crim.Proc. 37(b). On this record we cannot hold, as a matter of law, that the dismissal of the original indictment and the filing of the second indictment was for the purpose of circumventing the rule. *State ex rel. Delgado v. Stanley*, 83 N.M. 626, 495 P.2d 1073 (1972); *State v. Lucero, supra.*

(d) Defendant contends the trial court erred in allowing the prosecutor to introduce into evidence portions of defendant's testimony at the trial which ended in a mistrial. This claim is without merit. *State v. DeSantos*, 91 N.M. 428, 575 P.2d 612 (Ct.App.1978). Before the defense started presenting its case, the trial court ruled that defendant could play the entire tape of defendant's prior trial testimony, but if this was done, defendant's testimony would be limited to matters not covered by the tape, in order to avoid cumulative testimony. Defendant did not play the tape; instead he testified and there is no claim that his testimony was in any way improperly limited. Defendant's claim is that he should have been able to play the tape of his prior testimony as well as testify. He does not attempt to demonstrate how the trial court's restriction on cumulative testimony was error, see *State v. Brown*, 91 N.M. 320, 573 P.2d 675 (Ct.App.1977) and makes no effort to show how he was prejudiced by the trial court's ruling, having testified fully at trial. Evidence Rule 103(a).

(e) The indictment on which defendant was tried contained ten charges. Five of the charges were dismissed during the trial which ended in a mistrial. During the trial which resulted in convictions of four of the charges, the trial court admitted the checks on which the five dismissed charges had been based. These checks were properly admitted under Evidence Rule 404(b) as evidence of defendant's intent. *State v. McCallum*, 87 N.M. 459, 535 P.2d 1085 (Ct.App.1975). Defendant asserts the checks were improperly admitted because once the charges were dismissed the checks no longer involved crimes. Evidence Rule 404(b) is not limited to crimes, but applies to "wrongs" and "acts". Since intent must usually be proved circumstantially, see U.J.I. Crim. 1.50, we cannot hold the probative value of these checks was outweighed by their prejudicial impact.

(f) The checks involved are corporate checks; the evidence is that items obtained with the checks were delivered to the corporation. Defendant's testimony established his relationship to the corporation, he admitted signing the checks, he admitted knowledge of insufficient funds, and he admitted he had an ownership interest in the corporation. See *State v. Pina*, 90 N.M. 181, 561 P.2d 43 (Ct.App.1977). Defendant's claim is that the prosecutor presented no evidence of defendant's relationship to the corporation in its case-in-chief and, therefore, the trial court erred in denying his motion for a directed verdict at the close of the prosecutor's case-in-chief. We disagree, for two reasons. Defendant delivered the corporate checks to the deliverymen, he was an authorized signature on the corporate checking account, the deliverymen usually dealt with defendant in dealings with the corporation. This was evidence of defendant's relationship with the corporation. In addition, after the motion for a directed verdict was denied and defendant presented evidence, he waived any claim concerning denial of his motion at the close of the case-in-chief. *State v. Lard*, 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

The judgment and sentences are affirmed.

IT IS SO ORDERED.

HENDLEY and HERNANDEZ, JJ., concur.