702 P.2d 997

**Johnie Louis KILPATRICK, Petitioner,**

v.

**STATE of New Mexico, Respondent.**

**No. 15673.**

Supreme Court of New Mexico.

July 11, 1985.

Paul J. Kennedy, Albuquerque, for petitioner.

Paul G. Bardacke, Atty. Gen., Santa Fe, for respondent.

OPINION

WALTERS, Justice.

Defendant Kilpatrick was convicted of aggravated assault. The Court of Appeals affirmed the conviction and defendant petitioned this Court for a writ of certiorari. We reverse the Court of Appeals.

The sole issue raised in defendant's petition is whether the time period between his arrest and his indictment and trial must be considered in evaluating his speedy trial claim under the Sixth Amendment to the United States Constitution. In *United States v. MacDonald*, 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), the United States Supreme Court answered that question affirmatively. "The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration prior to trial, *to reduce the lesser, but nonetheless substantial, impairment of liberty imposed on an accused while released on bail*, and *to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges.*" *Id.* at 8, 102 S.Ct. at 1502 (emphasis added).

In the instant case, defendant posted a surety bond of $2500 on the day he was

arrested, and lived under its "impairment of liberty" and the cloud of "unresolved criminal charges" for almost a year before the indictment was filed. The indictment was later dismissed and he was reindicted two months later. Without stating any reasons, the trial court denied defendant's motion to dismiss the new indictment.

*MacDonald,* which relies on a line of cases holding that the protections of the Sixth Amendment become applicable when "the putative defendant in some way becomes an 'accused'...." (*United States v. Marion,* 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971)), declares unequivocally, in repetition of *Lovasco v. United States,* 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); and *Marion,* that the time between defendant's arrest and indictment must be considered.

In affirming defendant's conviction, the Court of Appeals focused first on dates of indictment and reindictment rather than upon the time between arrest and indictment, and then applied the "actual restraint" test outlined in *State v. Tafoya,* 91 N.M. 121, 570 P.2d 1148 (Ct.App.1977). *Tafoya,* because defendant had made no showing of actual restraint following his arrest, held that there had been no denial of the right to a speedy trial. In the instant case, defendant showed that he had been required to post a bond and bear the restrictions imposed upon one "accused." Kilpatrick, therefore, carried the burden of showing "substantial impairment of liberty ... while released on bond," *MacDonald,* and of "subjection to public obloquy ... and anxiety," *Dillingham,* for more than 15 months before he went to trial.

Defendant correctly points out in his petition that *Tafoya* was based upon a misunderstanding of the facts of *Marion.* The *Marion* defendants were arrested and indicted on the same day. Their speedy trial objection was grounded on the three-year delay between *the time of the crime* and *the date of "arrest and indictment."* Thus, the *Marion* language quoted in *Tafo-*

*ya* (91 N.M. at 123, 570 P.2d 1150) was meant to recognize a distinction between the time *before* the putative defendant became an "accused," which is *not* to be considered, and the time after arrest and accusation, which *MacDonald,* 456 U.S. at 7, 102 S.Ct. at 1501; *Lovasco,* fn. 8 at 431 U.S. 789, 97 S.Ct. at 2048 fn. 8; *Dillingham,* 423 U.S. at 64–65, 96 S.Ct. at 303–304; and *Marion,* 404 U.S. at 320–321, 92 S.Ct. at 463–464, all insist shall be counted. *Marion* emphasized that the purpose of the Sixth Amendment was not intended, as commonly believed, solely to limit possibilities that delay would prevent, impair or prejudice the accused's ability to present a defense. Rather, "major evils" intended to be protected by the Sixth Amendment were to minimize interference that public arrest may cause "with the defendant's liberty, whether he is free on bail or not," and to avoid disruption of his employment, curtailment of his associations, subjection of defendant to obloquy, and creation of anxiety in him, his family and his friends. *Marion,* 404 U.S. at 320, 92 S.Ct. at 463.

Finally, contrary to the expression of the Court of Appeals, *Tafoya* cannot survive *MacDonald* untouched. Based as *Tafoya* presumably was on *Marion* and *Lovasco,* that case must be affected by the *MacDonald* ruling to the same extent *Marion* and *Lovasco* were. Although individual states may provide broader rights under state constitutions than those required by similar provisions of the United States Constitution, states are not free to restrict those rights to something less than as guaranteed under the federal charter. *State ex rel. Serna v. Hodges,* 89 N.M. 351, 356, 552 P.2d 787, 792 (1976).

The Court of Appeals is reversed and the matter is remanded to that court for reinstatement and assignment to the limited calendar, to determine whether defendant was prejudiced, or otherwise unduly subjected to *Marion*-listed interferences and disruptions, by the delay between arrest and indictment so as to warrant dismissal of the charges.

IT IS SO ORDERED.

**54**

FEDERICI, C.J., SOSA, Senior Justice, and RIORDAN, J., concur.

STOWERS, J., dissents.