## Commonwealth v. Fiantaca

*Kenneth Osokow, assistant district attorney,* for the commonwealth.

*Douglas Engelman,* for defendant.

RAUP, *P.J.,* January 11, 1990 — Defendant's writ of habeas corpus arises out of charges filed against him for three counts of passing bad checks under

18 Pa.C.S. §4105. For the following reasons, we deny the motion.

The events leading to the charges are that defendant, Fiantaca, as a corporate officer of National Case and Millwork Inc., wrote checks payable to CDF Associates, John Savoy and Son Inc. and John Savoy, personally. The corporation's principal place of business is in New York State, and the bank on which the checks were drawn is a New York State bank. The checks were mailed to and received by the payees in Lycoming County, Pennsylvania, where the payees attempted to cash the checks; the checks were not honored, leading to the filing of a private criminal complaint with the district attorney in Lycoming County.

The District Attorney's Office subsequently filed the charges under 18 Pa.C.S. §4105, and defendant filed the current writ of habeas corpus alleging that we lack jurisdiction or venue to hear this matter. Venue in the case of a bad check offense is discussed at section 4105(d), which provides:

"An offense under subsection (a) may be deemed to have been committed at either the place where the defendant *issues or passes* the bad check or similar sight order for the payment of money or the place where the financial institution upon which the bad check or similar sight order for the payment of money was drawn is located." (emphasis supplied)

The issue for this court is the definition of the terms "issues or passes" as used in section 4105.

Neither party has provided controlling Pennsylvania case law on this issue. We find persuasive the definition of issue as set forth in the Uniform Commercial Code, 12A Pa.C.S. §3-102(1)(a), which provides:

"(1) In this article unless the context otherwise requires,

"(a) 'Issue' means the first delivery of an instrument to a holder or remitter."

This definition represents the common meaning accorded that term. Under this definition, the first delivery of the instruments to a holder occurred when the checks were received by the payee in Lycoming County.

This view is generally accepted in other jurisdictions. See *State v. Libero,* 91 N.M. 780, 581 P.2d 873 (1978); *Insurance Company of North American v. Knight,* 8 Ill. App. 3d 871, 291 N.E.2d 40 (1972). We therefore deny defendant's petition.

### ORDER

And now, June 1, 1989, for the reasons set forth in the foregoing opinion, it is hereby ordered and directed that defendant's petition for habeas corpus is hereby denied.