888 P.2d 1009

STATE of New Mexico,
Plaintiff–Appellant,

v.

Johnny A. JACQUEZ, Defendant–
Appellee.

No. 15316.

Court of Appeals of New Mexico.

Dec. 15, 1994.

Tom Udall, Atty. Gen., Ann M. Harvey, Ass't Atty. Gen., Santa Fe, for plaintiff-appellant.

Jonathan J. Lord, George A. Harrison, Farmington, for defendant-appellee.

## OPINION

APODACA, Chief Judge.

The memorandum opinion filed on November 22, 1994 is withdrawn on the panel's own motion, and the following opinion is substituted in its place.

The State appeals from the trial court's dismissal with prejudice of an amended criminal complaint filed against Johnny A. Jacquez (Defendant). The State argues that the trial court erred in dismissing the case: (1) under the six-month rule enunciated in SCRA 1986, 5–604(B) (Repl.1992); and (2) for a violation of Defendant's Sixth Amendment right to a speedy trial. We hold that the trial court erred in dismissing the charges under SCRA 5–604(B) because only approximately five months had elapsed between Defendant's arrest and the scheduled trial date. We also hold that the trial court erred in dismissing the charges for a Sixth Amendment speedy trial violation because the threshold of a presumptively prejudicial delay was not present. We therefore reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 17, 1992, Defendant was arrested and charged with one count of driving under the influence of an intoxicating liquor (fourth or subsequent offense), in violation of NMSA 1978, Section 66–8–102 (Cum.Supp.1993) (effective until January 1, 1994). At booking, Defendant gave his current address as P.O. Box 1583, Bloomfield, New Mexico. Later that morning, a magistrate judge dismissed the complaint without prejudice because she found "that probable cause has not been shown that a crime ha[d] been committed and that ... Defendant committed it."

The case later was assigned to the trial court's docket and called on June 1, 1992. At this time, the trial court disagreed with the magistrate judge's determination that no probable cause existed to support Defendant's arrest. He directed the State to either dismiss the original criminal complaint or file an amended complaint against Defendant. On June 2, 1992, the State filed an amended criminal complaint. The case was called for arraignment on July 6, 1992. At this time, the State indicated that it was unable to locate Defendant in order to serve process. The trial court passed the case for lack of personal service.

A detective from the Bloomfield Police Department contacted Defendant's employer in an attempt to locate Defendant. Defendant's employer provided the detective with an address it had on file for Defendant, 1501 Saiz Lane # 1, Bloomfield, New Mexico. The San Juan County Sheriff's Office was unable to locate Defendant, however, at either the Saiz Lane address or in the utility computer at that address.

On August 3, 1992, a sheriff's affidavit of non-service was filed indicating that the sheriff was unable to locate Defendant at the Saiz Lane address in Bloomfield and that Defendant was not in the utility computer. When the case was called for arraignment on the same date, the State informed the trial court that it was continuing its attempts to locate an address for Defendant. The trial court again passed the case for lack of personal service.

On August 26, 1992, the State filed a motion to obtain an arrest warrant for Defendant. The motion alleged that the State had made two separate attempts to serve Defendant with notice of the arraignment. The trial court issued a bench warrant on August 28, 1992.

On April 28, 1993, Defendant was arrested in Las Vegas, Nevada, on the bench warrant. Defendant waived extradition and was transferred back to New Mexico on May 5, 1993. On June 8, 1993, Defendant was arraigned in the trial court, where he pled not guilty. Defendant gave the trial court his residence address of County Road 4599, Number 32, Blanco, New Mexico, and his mailing address of P.O. Box 403, Blanco, New Mexico. De-

fendant was released on his own recognizance.

On September 29, 1993, the date set for trial, Defendant moved to dismiss the amended complaint with prejudice. Defendant contended that "[m]ore than one month had elapsed between Defendant's second arrest and his arraignment, and more than one year had elapsed between the time the State filed the Amended Criminal Complaint and the time Defendant was arraigned." On these bases, Defendant argued that the delay between the time the amended complaint was filed and the time Defendant was arraigned violated his rights guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution, Article II, Sections 14 and 18 of the New Mexico Constitution, SCRA 5–604(A) and (B), and NMSA 1978, Section 31–1–5(B) (Repl.Pamp.1984), and severely prejudiced him.

The trial court granted Defendant's motion to dismiss with prejudice, ruling that: (1) the six-month rule of SCRA 5–604(B) had run; (2) Defendant met his burden of proving that he was prejudiced by the delay, thus shifting the burden of persuasion to the State; (3) the State failed to meet its burden; and (4) Defendant was deprived of his right to a speedy trial and due process of law. The State appeals.

## II. DISCUSSION

### A. Six–Month Rule

The State first argues that the trial court erred in dismissing the charges based on SCRA 5–604(B), the "six-month rule." SCRA 5–604(B) provides:

> The trial of a criminal case or an habitual criminal proceeding shall be commenced six (6) months after whichever of the following events occurs *latest:*
>
> (1) the date of arraignment, or waiver of arraignment, in the district court of any defendant;
>
> . . . .
>
> (5) the date of arrest of the defendant for failure to appear; . . . .

(Emphasis added.)

Here, Defendant was arrested on April 28, 1993, on the outstanding bench warrant for failure to appear. From April 28, 1993, until September 29, 1993, the date set for trial, approximately five months had elapsed. The basis for the trial court's ruling that the six-month rule had been violated does not appear in the court's order of dismissal.

Nevertheless, Defendant contends that the trial court properly dismissed the case under SCRA 5–604 for two reasons. First, Defendant argues that the trial court correctly found that SCRA 5–604(B)(5) was inapplicable because the State failed to exercise due diligence in attempting to serve Defendant with notice of the arraignments. The plain language of SCRA 5–604(B)(5), however, provides no limitations on whether such failure to appear is valid contingent on the circumstances regarding the issuance of the bench warrant. Thus, this case is distinguishable from the situation presented in *State v. Romero,* 101 N.M. 661, 663–64, 687 P.2d 96, 98–99 (Ct.App.1984), where this Court analyzed the then applicable Rule 37, New Mexico Rule of Criminal Procedure, that stated, "(5) the date of arrest of the defendant *after conditions of release* have been revoked for failure to appear *as required.*" (Emphasis added.) Additionally, we find *State v. Lucero,* 108 N.M. 548, 775 P.2d 750 (Ct.App.1989), distinguishable because *Lucero* addressed when an amended complaint relates back to the first complaint for six-month rule purposes.

We also hold that the filing of the amended complaint is not an event that triggers the running of the six-month period. *See* SCRA 5–604; *State v. Larson,* 107 N.M. 85, 89, 752 P.2d 1101, 1105 (Ct.App.) (filing of charging papers does not begin the six-month period), *cert. denied,* 107 N.M. 74, 752 P.2d 789 (1988). Thus, even if we did not consider Defendant's arrest on the bench warrant to trigger the six-month period, we would not look to the date of the filing of the amended criminal complaint as argued by Defendant. Rather, we would consider the next applicable event to be Defendant's June 8, 1993 arraignment, the first arraignment at which Defendant was present. *See* SCRA 5–604(B)(1).

Defendant's second argument relates to the application of SCRA 5–604(A). SCRA 5–604(A) provides: "The defendant shall be arraigned on the information or indictment within fifteen (15) days after the date of the filing of the information or indictment or the date of arrest, whichever is later." Defendant contends that the trial court properly dismissed the charges because he was not arraigned within fifteen days of either of his arrests, or from the time of the filing of the June 2, 1992 amended criminal complaint. We disagree.

▪ In this case, the fifteen-day period for arraignment began to run from Defendant's April 28, 1993 arrest in Las Vegas. We conclude that the time for arraignment did not begin to run from Defendant's initial May 17, 1992 arrest because the criminal complaint for which Defendant had been arrested at that time was dismissed by a magistrate judge for lack of probable cause. Defendant could not have been arraigned on a complaint that had been dismissed. We also conclude that the time for arraignment did not begin to run from the date of the filing of the amended criminal complaint because under SCRA 5–604(A), the fifteen-day period begins to run from the "filing of the information or indictment or the date of arrest, whichever is later." The "later" event in this case was Defendant's April 28, 1993 arrest. Besides, Defendant could not have been arraigned before the time of his arrest because the State did not know his whereabouts.

▪ Because Defendant was arrested on April 28, 1993, and not arraigned until June 8, 1993, there was a technical violation of the fifteen-day rule. Although there was a delay of more than fifteen days, Defendant made no showing that his defense was prejudiced in any way by the delay. *See State v. Budau*, 86 N.M. 21, 23, 518 P.2d 1225, 1227 (Ct.App.1973), *cert. denied*, 86 N.M. 5, 518 P.2d 1209 (1974). "Without such a showing ... a technical violation of [SCRA 5–604(A)] will not result in a dismissal of the charges." *Id.* We thus conclude that the trial court erred in dismissing the case under SCRA 5–604.

### B. Speedy Trial

▪ The State next argues that the trial court erred in dismissing the charges based on a Sixth Amendment right to speedy trial violation. We agree. The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Thus, the right to a speedy trial is implicated at the time when the putative defendant is indicted, arrested, or accused. *See Salandre v. State*, 111 N.M. 422, 425, 806 P.2d 562, 565 (1991); *Kilpatrick v. State*, 103 N.M. 52, 53, 702 P.2d 997, 998 (1985).

▪ The right to a speedy trial guaranteed under the Sixth Amendment prevents lengthy incarceration prior to trial, reduced impaired liberty while an accused is released on bail, and shortens the disruption of life caused by pending and unresolved criminal charges. *State v. McCrary*, 100 N.M. 671, 675, 675 P.2d 120, 124 (1984) (citing *United States v. MacDonald*, 456 U.S. 1, 8, 102 S.Ct. 1497, 1502, 71 L.Ed.2d 696 (1982)). Thus, "once charges are dropped in good faith, the delay is not scrutinized by the speedy trial clause of the Sixth Amendment of the federal constitution." *McCrary*, 100 N.M. at 675, 675 P.2d at 124 (citing *MacDonald*, 456 U.S. at 7, 102 S.Ct. at 1501–02). Therefore, the time during which charges are dismissed should not be considered under a speedy trial analysis where the defendant is free of restrictions on his liberty. *See Salandre*, 111 N.M. at 426, 806 P.2d at 566; *see also State v. Sanchez*, 108 N.M. 206, 207, 769 P.2d 1297, 1298 (Ct.App.) (arrest alone, without posting bond, imposition of restrictive conditions of release, or being held to answer for unresolved criminal charges does not trigger a defendant's speedy trial rights under the Sixth Amendment; speedy trial rights did not attach following arrest when the defendant was released pending investigation), *cert. denied*, 108 N.M. 197, 769 P.2d 731 (1989); *cf. Kilpatrick*, 103 N.M. at 53, 702 P.2d at 998 (defendant became an accused when required to post a $2,500 bond on the day of arrest and lived under unresolved criminal charges for almost a year before indictment was filed). Here, during the interval when the magistrate judge dismissed

the charges on May 18, 1992, and when Defendant was later arrested on the bench warrant on April 28, 1993, Defendant was not in custody. Under these circumstances, Defendant suffered no impairment of his liberty. Also, although the trial court issued a bench warrant for Defendant's arrest, there is no indication that Defendant was aware of such bench warrant and thus suffered any prejudicial consequences.

■ We conclude that Defendant became an "accused" at the time of his April 28, 1993 arrest on the outstanding bench warrant. It was not until this time that Defendant suffered "'restraints on his liberty'" and became "'the subject of public accusation.'" *Salandre,* 111 N.M. at 426, 806 P.2d at 566 (quoting *United States v. Marion,* 404 U.S. 307, 321, 92 S.Ct. 455, 464, 30 L.Ed.2d 468 (1971)); *see also State v. Gonzales,* 110 N.M. 218, 224, 794 P.2d 361, 367 (Ct.App.) (speedy trial guarantee applies during period of public accusation), *cert. denied,* 110 N.M. 330, 795 P.2d 1022 (1990). From the time of Defendant's April 28, 1993 arrest until the September 29, 1993 trial date, approximately five months had elapsed. We must therefore determine whether this five-month delay constituted a violation of Defendant's Sixth Amendment right to a speedy trial.

■ There are at least four factors to be considered in determining whether a defendant has been denied a right to a speedy trial: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right, and (4) prejudice to the defendant. *See Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972); *Salandre,* 111 N.M. at 425, 806 P.2d at 565; *Zurla v. State,* 109 N.M. 640, 642, 789 P.2d 588, 590 (1990). "The length of the delay is to some extent a triggering mechanism. Until there is some delay [that] is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker,* 407 U.S. at 530, 92 S.Ct. at 2192. Consequently, unless the threshold of a presumptively prejudicial delay is found, no further inquiry is necessary.

We must therefore determine whether the five-month delay was presumptively prejudi-cial to Defendant. In *Salandre,* our Supreme Court stated:

> A primary purpose of such a showing [of presumptive prejudice] is "to provide the courts and the parties with a rudimentary warning of when speedy trial problems may arise.... [L]ength of the delay acts as a rough measure of whether further inquiry is warranted." While a global inquiry into the other three *Barker v. Wingo* factors undoubtedly would serve as a better initial indicator of those cases in which a speedy trial violation actually was present, we are satisfied that consideration of the length of the delay, complexity of the charges, and nature of the evidence adequately serves this screening function.

*Salandre,* 111 N.M. at 428, 806 P.2d at 568 (citations omitted). The *Salandre* Court went on to hold that "nine months marks the minimum length of time that may be considered presumptively prejudicial, even for a case ... involving simple charges and readily-available evidence." *Id.*

Here, the threshold of presumptively prejudicial delay is not present. We conclude that in this case, the five-month period between arrest and trial was not a sufficient amount of time to raise even a presumption of prejudice for Sixth Amendment speedy trial purposes. *See id.* Therefore, we need not inquire into the remaining *Barker* factors. *See Barker,* 407 U.S. at 530, 92 S.Ct. at 2191–92; *Salandre,* 111 N.M. at 427, 806 P.2d at 567 ("[T]he preliminary question of whether the presumption exits should be distinguished from the question of its effective weight as applied to the remaining factors of the [*Barker* ] balancing test."); *State v. Grissom,* 106 N.M. 555, 561, 746 P.2d 661, 667 (Ct.App.) ("A presumptively prejudicial delay must exist before the reason for delay, assertion of the right, and prejudice to defendant may be evaluated."), *cert. denied,* 106 N.M. 439, 744 P.2d 912 (1987).

## III. CONCLUSION

We conclude that the trial court erred in dismissing the charges against Defendant under both SCRA 5–604(A) and 5–604(B), and

for a Sixth Amendment speedy trial violation. Consequently, we reverse.

**IT IS SO ORDERED.**

DONNELLY and BOSSON, JJ., concur.