This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v. **NO. 27,947**

**MARTIN B. GRIER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Gary K. King, Attorney General
Andrew S. Montgomery, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**GARCIA, Judge.**

Defendant Martin Grier was the subject of multiple indictments for the same alleged offenses. The first set of grand jury indictments was quashed upon the

Defendant's successful motion to quash in district court. Several months later, Defendant was reindicted on new evidence that was considered sufficient to proceed to trial. At the beginning of trial, the district court dismissed all the charges on speedy trial grounds. The State appeals the dismissal of Defendant's charges on speedy trial grounds. We determine that Defendant's speedy trial rights were not violated and reverse.

**FACTS AND PROCEDURAL HISTORY**

On October 4, 2004, Defendant was indicted by the grand jury and was arraigned on October 8, 2004. An amended grand jury indictment was later issued on May 25, 2005, which was then modified by a superseding grand jury indictment issued September 23, 2005. The superseding grand jury indictment charged Defendant with one count of criminal sexual penetration (Child 13 to 18), NMSA 1978, § 30-09-11(D)(1) (2009); three counts of criminal sexual contact of a minor (Child 13 to 18), NMSA 1978, § 30-09-13(B)(2)(a) (2003); one count of attempted criminal sexual contact of a minor (Child 13 to 18), § 30-09-13(B)(2)(a); NMSA 1978, § 30-28-1 (1963); one count of bribery of a witness, NMSA 1978, § 30-24-3(C) (1997); five counts of distribution of a controlled substance to a minor, NMSA 1978, § 30-31-21(A)(1) (1997); and two counts of contributing to a delinquency of a minor, NMSA 1978, § 30-6-3 (1990).

On December 15, 2005, Defendant filed a motion to dismiss with prejudice, or in the alternative, a motion to quash the grand jury indictment. The State opposed these motions and urged the court to move forward with the trial scheduled to begin in April 2006. Defendant claimed that the State had violated his federal and state constitutional rights. Defendant asserted that the prosecution "continually overstepped [its] role as an aid to the [g]rand [j]ury" by refusing to allow him to present exculpatory evidence to the grand jury in the form of supporting eyewitness testimony and by refusing to allow him to present his own version of the events to the grand jury. Additionally, Defendant argued that the 2003 amendment to NMSA 1978, Section 31-6-11(A) (2003), added a requirement that all evidence presented to a grand jury be "lawful, competent and relevant." Defendant claimed that the State's only evidence of any crime presented to the grand jury consisted entirely of hearsay testimony and that such testimony was not competent pursuant to Section 31-6-11(A). The State had only provided the grand jury with the testimony of one witness, Sergeant Robert Shepard, who had investigated the case but was not an eyewitness. Neither the victims nor other material witnesses were called to testify.

The district court agreed with Defendant and on March, 14, 2006, issued an order quashing the grand jury indictment. The court found that Section 31-6-11(A) required the prosecution to provide "[l]awful, competent and relevant" evidence

during a grand jury proceeding and that the exclusive use of hearsay testimony was not competent evidence. The court concluded that the "grand jury may not find an indictment on pure hearsay" and quashed the indictment issued on September 23, 2005.

On May 16, 2006, two months after the first indictment was quashed, a separate grand jury issued a new indictment charging Defendant with crimes identical to those brought in the first proceeding. Additional new evidence was presented to the grand jury to support the second indictment. Defendant at that point had moved to Colorado, married, and begun a new job. When the case came to trial on May 8, 2007, Defendant claimed a violation of his right to a speedy trial. The district court found that the total length of delay in the case had been two years and seven months. The court calculated this time period to include the first proceeding where Defendant had originally been indicted on October 4, 2004. Having calculated this delay to exceed the twelve-month threshold in a case of intermediate complexity, the district court then proceeded to analyze the delay pursuant to the four *Barker* factors. The court found that these factors weighed in favor of Defendant. The court ultimately held that the State did not overcome the presumption of prejudice found to exist pursuant to *Barker*. The charges were then dismissed with prejudice for violating Defendant's right to a speedy trial. The State appeals this ruling by the district court.

**DISCUSSION**

In analyzing whether Defendant's right to a speedy trial has been violated, we review the particular facts and circumstances of the case in order to determine whether an "actual and articulable deprivation" of Defendant's Sixth Amendment right to a speedy trial existed. *State v. Garza*, 2009-NMSC-038, ¶¶ 11-12, 146 N.M. 499, 212 P.3d 387. We apply the four-part balancing test for evaluating speedy trial claims established in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). *State v. Valencia*, 2010-NMCA-005, ¶ 11, 147 N.M. 432, 224 P.3d 659 (filed 2009), *cert. denied*, 2009-NMCERT-012, 147 N.M. 600, 227 P.3d 90. These four factors consist of the length of delay, the reasons for delay, the defendant's assertion of his right, and the prejudice to the defendant. *Id.* "In considering each of these factors, we defer to the [district] court's factual findings but review de novo the question of whether [the d]efendant's constitutional right was violated." *State v. O'Neal*, 2009-NMCA-020, ¶ 14, 145 N.M. 604, 203 P.3d 135 (filed 2008) (internal quotation marks and citation omitted); *see Garza*, 2009-NMSC-038, ¶ 11 (stating that the "substance of the speedy trial right is defined only through an analysis of the peculiar facts and circumstances of each case").

**Speedy Trial Rights Were Not Violated**

This Court has recognized that the Sixth Amendment right to a speedy trial "is

designed to minimize the possibility of lengthy incarceration prior to trial, to reduce the lesser, but nevertheless substantial, impairment of liberty imposed on an accused while released on bail, and to shorten the disruption of life caused by arrest and the presence of unresolved criminal charges." *State v. Hill*, 2005-NMCA-143, ¶ 11, 138 N.M. 693, 125 P.3d 1175 (internal quotation marks and citation omitted). When claiming a denial of the Sixth Amendment right to a speedy trial, the initial burden rests on Defendant to show that the threshold length of delay has been met, thereby triggering a "presumptively prejudicial" period of delay. *Garza*, 2009-NMSC-038, ¶ 21. Once this presumptively prejudicial trigger has been satisfied, a full analysis of the four *Barker* factors is then required. *Id.* If this threshold presumption is not met by Defendant, the inquiry stops, and the district court is not required to further analyze the individual circumstances of the case by reviewing the four *Barker* factors. *See Garza*, 2009-NMSC-038, ¶¶ 21-23.

The right to a speedy trial attaches when a defendant becomes the "accused" through "indictment, or the actual restraints of arrest and holding for charges." *Salandre v. State*, 111 N.M. 422, 426, 806 P.2d 562, 566 (1991) (emphasis omitted). "[A] determination of whether delay is presumptively prejudicial requires consideration of (at least) the length of time between arrest or indictment and prosecution, the complexity of the charges, and the nature of the evidence against the

6

accused." *Id.* The district court found the current case to be of intermediate complexity, and this fact is not disputed by the parties. Because this case was heard in May 2007, prior to the August 2007 amendment to Rule 5-604 NMRA, the new fifteen-month threshold set forth in *Garza* does not apply. *Garza,* 2009-NMSC-038, ¶ 48. We must apply the previous threshold set forth in *Coffin. See State v. Coffin*, 1999-NMSC-038, ¶ 56, 128 N.M. 192, 991 P.2d 477 (concluding that a twelve-month delay is necessary to trigger a speedy trial inquiry in a case of intermediate complexity). "As an initial matter, the length of the delay must cross [] the threshold dividing ordinary from presumptively prejudicial delay in order to trigger further inquiry." *Id.* ¶ 55 (alteration in original) (internal quotation marks and citations omitted).

The core issue in this case is the determination of the initial event for calculating when Defendant's speedy trial rights started to run in the second indicted case. The district court determined that the time of delay began to run at the filing of the first indictment on October 4, 2004, and continued until the scheduled trial on May 8, 2007, for a total delay of two years and seven months. Based upon our analysis of the facts and authorities, we determine that this calculation by the district court was incorrect. The quashing of the September 23, 2005, grand jury indictment based upon insufficient evidence terminated Defendant's status as an accused and eliminated any

7

impairment of his liberty interest regarding the charges made in the first indictment. The State was required to submit competent eyewitness testimony before the grand jury in order to secure a new indictment. While this indictment did charge Defendant with identical offenses as those stated in the first case, this second indictment was based on independent, non-hearsay testimony of one of the alleged victims—evidence that was not used in the issuing of the first indictment. *Cf. State v. Lucero*, 108 N.M. 548, 550, 775 P.2d 750, 752 (Ct. App. 1989) (noting in a six-month rule case that if a new complaint, though charging the same offenses, is "based on new facts or evidence" presented by the state, then the previous indictment is superseded). As a result, Defendant's speedy trial rights began to run no sooner that May 16, 2006, when Defendant was reindicted in the second proceeding.

In *Hill*, we held that the speedy trial calculation must begin anew when there is a gap in time between a first and second indictment of a defendant on identical charges. 2005-NMCA-143, ¶¶ 1, 15. This speedy trial doctrine applies to the typical situation where charges are dismissed but the defendant is later reindicted. *See State v. McCrary*, 100 N.M. 671, 674-75, 675 P.2d 120, 123-24 (1984) (recognizing that a dismissal and refiling to seek a first-degree charge was filed in good faith and is not scrutinized by the speedy-trial clause of the Sixth Amendment); *State v. Jacquez*, 119 N.M. 127, 130, 888 P.2d 1009, 1012 (Ct. App. 1994) (recognizing that the time during

which charges are dismissed should not be considered under a speedy trial analysis where the defendant is free of restrictions on his liberty). The defendant in *Hill* was originally charged in 1989. 2005-NMCA-143, ¶ 1. The charges were dismissed for lack of probable cause and were not refiled until thirteen years had passed. *Id.* ¶¶ 1, 4. We concluded that "like the period before indictment and arrest, the right to a speedy trial does not attach after charges are dismissed in good faith." *Id.* ¶ 11. "[W]hen charges are dismissed, any restraint on liberty, disruption of employment, strain on financial resources, and exposure to public obloquy, stress and anxiety is no greater than it is upon anyone openly subject to a criminal investigation." *Id.* (internal quotation marks and citation omitted). As a consequence, "when charges are dismissed, the speedy trial guarantee is no longer applicable." *Id.* (internal quotation marks and citation omitted).

In the present case, the district court quashed the first indictment for insufficient evidence, and Defendant was no longer an "accused" or subject to further restriction. Unlike the dismissal in *Hill*, the quashing of the first indictment in the present case was the result of Defendant's good faith effort to require the State to establish probable cause before the grand jury by submitting competent evidence that did not rely solely upon the hearsay statements to Sergeant Shepard. The State did not seek a dismissal and was forced to reindict Defendant if it desired to prosecute him for his

alleged crimes. In addition, there was no gamesmanship or bad faith on the part of the State in prosecuting the charges against Defendant.

Defendant attempts to distinguish the present case from *Hill* on the basis that the first indictment was quashed pursuant to his motion to dismiss and not pursuant to an independent State decision. This distinction is not persuasive and actually supports the State's position. The State objected to the dismissal of the first indictment, supporting its position that the form and substance of the proceedings to secure the second indictment were not the result of bad faith or ulterior motives on the part of the State. There is no evidence that the State pursued the reindictment of Defendant in order to circumvent any operative deadlines or avoid proceeding to trial in an expeditious manner. Defendant also cites several authorities involving abuses of the six-month rule to buttress its argument. *See State ex rel. Delgado v. Stanley*, 83 N.M. 626, 627, 495 P.2d 1073, 1074 (1972); *State v. Ware*, 115 N.M. 339, 341-42, 850 P.2d 1042, 1044-45 (Ct. App. 1993); *Lucero*, 108 N.M. at 550, 775 P.2d at 752; *State v. Ericksen*, 94 N.M. 128, 130-31, 607 P.2d 666, 668-69 (Ct. App. 1980). The analysis of a speedy trial violation is generally different from the analysis of a six-month rule violation. *See Jacquez*, 119 N.M. at 129-30, 888 P.2d at 1011-12. *But see State v. Talamante*, 2003-NMCA-135, ¶ 10, 134 N.M. 539, 80 P.3d 476 (recognizing

10

a form over substance analysis in a speedy trial determination).

We are not persuaded by Defendant's contention that the *Talamante* court's form over substance analysis is applicable here. 2003-NMCA-135, ¶ 10 (noting that "New Mexico courts look past the form to the substance when considering the effects of a prosecutorial dismissal and refiling of criminal charges."). Nine factors were listed in *Talamante* to support the position that the state and district court treated the two indictments as the same case. *Id.* ¶ 9. For example, we concluded that the error at grand jury was procedural, involving defective grand jury instructions and was not a substantive error involving the sufficiency of the evidence. *Id.* ¶ 5. In *Talamante*, there was a seamless continuation of the original charges through the two proceedings, with the dismissal and refiling occurring on the same day. *Id.* ¶ 1. Moreover, the second indictment was treated as a refiling by the court, all conditions of release remained in effect without further action, and the new case was assigned to the same district judge. *Id.* This Court noted that "[t]he fact that the first indictment was dismissed is of no consequence because the second indictment was returned on the same day charging the identical offenses set forth in the first indictment. . . . Here, the charges against [the d]efendant were never dismissed or discharged in any real sense, thus his speedy trial rights continued to apply." *Id.* ¶ 8 (citations omitted).

11

The facts in the present case do not resemble those in *Talamante*. In fact, of the nine factors listed in *Talamante*, the only similarity with the present case is that the same offenses were charged in both indictments. This single similarity is not sufficient to distinguish the circumstances in this case from the recognized authority established in *McCrary*, *Jacquez*, and *Hill*. Defendant's actions and testimony confirm that he recognized the quashing of the first indictment absolved him of his status as an accused and eliminated any restrictions upon his liberty that had previously been imposed. Defendant admits that during the period of time between the two proceedings he "moved out of state, obtained a well-paying job in the State of Colorado, and got married, thinking that the case [was] over." Just as the defendant in *Hill* was no longer an accused after the 1989 charges against him were dropped, Defendant ceased being an "accused" for the purposes of the Sixth Amendment when the first indictment was quashed on March 14, 2006.

For the purposes of determining a length of delay in Defendant's case, the period begins on May 16, 2006, when the second grand jury indictment was issued and Defendant became an "accused." The period ends on the first day of trial which was May 8, 2007. The length of delay in Defendant's case was a total of eleven months and twenty-two days. This period of delay does not reach the twelve-month

threshold under *Coffin* that would trigger further investigation into Defendant's claim. Since Defendant's case does not meet the presumptively prejudicial length of delay, we do not continue an analysis of the four *Barker* factors. There was no violation of Defendant's right to a speedy trial.

**CONCLUSION**

The length of the delay in this case is not presumptively prejudicial. Defendant failed to establish sufficient circumstances to require that the two separate and distinct indictments be recognized as one continuous case for speedy trial purposes. We conclude that Defendant's constitutional right to a speedy trial was not violated. We therefore reverse the ruling of the district court and remand the case with instructions to reinstate the charges against Defendant.

**IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

13

_____
**LINDA M. VANZI, Judge**