HOBBS and others *v.* SPIEGELBERG and others.

POST and others *v.* SAME.

Filed January Term, 1885.

1. MECHANIC'S LIEN—STATUTE OF NEW MEXICO—PURPOSE AND REQUIREMENTS.
   The purpose of the statute is accomplished when a person claiming a lien files within the prescribed time, for record in the proper office, a sworn statement of the amount due him, together with the other facts required to be stated in section 6 of the act of 1880. All these facts may be stated in ordinary language, and sworn to before an officer authorized to administer an oath.

2. SAME—SUBCONTRACTOR—STATUTE—COMMON LAW.
   Under the statute of New Mexico the property is affected by the lien of a subcontractor as well as the head contractor. The object of a lien is to protect those who, by their labor, services, skill, or materials furnished, have enhanced the value of the property sought to be charged. The statute has enlarged the operation of liens, not introduced any new principles. It is not in derogation of the common law, and therefore not necessarily to be subjected to a strict construction.

3. SAME—PRACTICE—JURISDICTION—LAW AND EQUITY.
   There is concurrent jurisdiction in law and equity on the subject of liens.

Appeal from Second judicial district court, Bernalillo county.

*Fiske & Warren* and *A. J. Barr*, for appellees.

*S. M. Barnes*, for appellants.

AXTELL, C. J.   These were suits in chancery to foreclose mechanic's liens.   The questions raised in both are essentially the same, and they will be considered together.   The principal assignments of error in this court are—*First,* that the notice of lien does not comply with section 6 of the act of 1880 as to filing the claim in the office of the county recorder, in this, that it does not use the words of the statute.   *Second,* that it is not proved that defendants were indebted to the contractor; and, as these plaintiffs were subcontractors, it must be shown that defendants were indebted to the contractors before a subcontractor can recover.   *Third,* these proceedings ought to have been actions at law instead of bills in equity.   These are substantially all the assignments of error.

On the first point it is claimed that the notice of lien filed with the recorder was fatally defective, because it failed to use the exact and full language of the statute, in that the notice omitted to state that the amount claimed was due after allowing all just credits and offsets.   The language used is as follows: "And that there remains due and unpaid thereon, after deducting all credits, the sum of five hundred and seven (507) dollars."   The statute provides "that the person claiming the benefit of this act must file for record   *   *   *   a claim containing a statement of his demands, after deducting all just credits and offsets,   *   *   *   which claim must be verified by the oath of himself or some other person."   This claim is simply the ac-

count of the laborer or material-man. It might be filed for record simply in the form of ordinary book-keeping, showing on one page the debits, on the opposite page the credits, striking a balance, and alleging under oath that the amount there stated was due. The words of the statute need not be followed if the substance is preserved. "He who considers merely the letter of an instrument goes but skin deep into its meaning." The purpose of the law is to give notice of the amount claimed, and this, we are of opinion, was fully accomplished in the present instance. It not only asserts that there remains due and unpaid the sum of $507, but—and we think it surplusage—says it remains due and unpaid after deducting all credits. We fail to see how it could remain due and unpaid if it had been paid. The purpose of the statute is accomplished when the person claiming a lien files within the prescribed time, for record in the proper office, a sworn statement of the amount due him, together with the other facts required to be stated in section 6 of the act of 1880. All these facts may be stated in ordinary language, and sworn to before any officer authorized to administer an oath. It is said in defendant's brief that this statute is in derogation of the common law, and must be strictly construed. We fail to see how this statute is in derogation of the common law; nor is it possible for us to see any necessity for construction. The directions of the statute are exceedingly minute and explicit, and can easily be followed by any man of ordinary education and intelligence.

The second assignment of error is that it does not appear that defendants were indebted to the contractor, and that, therefore, he cannot be compelled to pay a subcontractor, material-man, or laborer, as he was not primarily indebted to them, their contracts having been solely with the principal contractor, and there being no privity of contract between the owner of the ground and building (this defendant) and the laborers and subcontractors, and that unless the defendant owes the contractor and is under garnishment, he cannot be required to pay another man's debt. This principle of law is so absolutely elementary that it is confusing to find it pressed with a serious face before the supreme court. There could be no reply to it except that the statute has given one. Section 1 of the act of 1880 defines a lien to be a charge imposed upon specific property, by which it is made security for the performance of an act. Section 2 provides that "every person performing labor upon or furnishing material to be used in the construction, alteration, or repair of any building, * * * or who performs labor in any mining claim, has a lien upon the same, * * * whether done or furnished at the instance of the owner *or his agent;* * * * and every contractor shall be held to be *the agent of the owner* for the purposes of this act." Section 12 provides: "In case of judgment against the owner or his property upon the lien, the said owner shall be entitled to deduct from any amount due or to become due by him to the contractor the amount of such judgment and

costs; and if the amount of such judgment and costs shall exceed the amount due by him to the contractor, or if the owner shall have settled with the contractor in full, he shall be entitled to recover back from the contractor any amount so paid by him, the said owner, in excess of the contract price, and for which the contractor was originally the party liable."

The object in quoting so much of section 12 is to show that the statute itself fully replies to the point relied upon as error. The statute was enacted for the very purpose of doing what defendant gravely calls error; the statute expressly makes the defendant liable for a debt he never contracted. He is in privity of contract, by force of the statute, with every laborer who works upon his building. We think the statute provides safeguards for the owner as well as for the laborer; nor do we think that the doctrine of liens is either new, in derogation of common law, or inequitable. The object of a lien is to protect those who, by their labor, services, skill, or materials furnished, have enhanced the value of the property sought to be charged. The statute has enlarged the operation of liens, not introduced any new principle. If I give my servant or agent money to pay for repairing my watch and he squanders or misapplies it, it is no reason in law or equity why the watch-maker should not enforce his lien and retain it until he is paid for his services. It is not his fault that I employed a dishonest agent. Without the aid of the statute, the point assigned as error would be impregnable; with the statute, it is unworthy of serious consideration.

The third assignment of error is that this proceeding ought to have been at law and not in equity. Our statute is silent upon this subject, and we must look for a guide in the general principles which govern actions. We now leave the region of substantive law and consider the law of procedure. We have retained in this territory the distinctions between law and equity in our modes of procedure, and, on principle, if the plaintiff had a plain, speedy, and adequate remedy at law, he ought not to have gone into equity, unless there existed concurrent jurisdiction. Then, under our system, he would have been at liberty to pursue either method, and the one he chose would have been exclusive of the other. The proceeding to foreclose a mechanic's lien resembles a suit for the foreclosure of a mortgage by judicial sale. Pomeroy (Eq. § 1269) says: "It is true that these liens, being created by statute, are legal in their essential nature, rather than equitable." Yet the suit to enforce them results in a decree for a sale and the distribution of the proceeds, and therefore it has a feature of equity proceeding. There can be no doubt but that the lien of the contractor could be enforced at law, the same as a lien by attachment; nor are we satisfied that all liens could not be so enforced; yet we see no reason why they could not also be enforced in equity. From a careful consideration of the subject, we are inclined to believe that the jurisdiction is concurrent; if not, it would be safer to declare it exclusively in equity, and we find that these suits were

properly brought. No error, therefore, appearing upon the record, the judgment of the court below ought to be affirmed; and it is so ordered.

WILSON, J., concurs in result.