This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                  **NO. 32,854**

**PHILLIP GIBBS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**John A. Dean, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Mary Barket, Assistant Public Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

**{1}** Defendant appeals from his conviction for criminal sexual contact of a minor in the second degree (child under thirteen). Defendant raises three issues on appeal. This Court proposed to summarily affirm in a notice of proposed disposition. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**Exclusion of Witnesses**

**{2}** Defendant contends that the district court erred in denying Defendant's motion to exclude two of the State's witnesses when the State did not disclose the witnesses until ten days prior to trial. In this Court's calendar notice, we proposed to conclude that Defendant had not demonstrated that he was prejudiced by the State's untimely disclosure. [CN 2] *See State v. Vallejos*, 2000-NMCA-075, ¶ 32, 129 N.M. 424, 9 P.3d 668 ("Failure to disclose a witness' identity prior to trial in itself is not grounds for reversal. Defendant has the burden of showing that he was prejudiced by the untimely disclosure." (internal quotation marks and citation omitted)). In response, Defendant asserts that he was prejudiced because (1) he was misled regarding the strength of the State's case when considering its plea offer, and (2) his counsel's ability to prepare for trial was undermined. [MIO 11-12] To the extent Defendant asserts that he was prejudiced because he may have accepted the plea agreement if he had known the strength of the State's case, Defendant did not raise this argument below. *See*

2

*Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court."). Accordingly, this Court will not rely on an assertion of prejudice not presented below to reverse the district court's ruling.

{3} Defendant also asserts that the late disclosure undermined his counsel's ability to prepare for trial, and he was therefore unable to retain the services of his own expert. [MIO 11] To the extent Defendant raised this argument below, nothing contained in the record, Defendant's docketing statement, or memorandum in opposition, indicates that Defendant ever requested a continuance. *See State v. Barraza*, 1990-NMCA-026, ¶ 13, 110 N.M. 45, 791 P.2d 799 (holding that the defendant waived any claim of prejudice from late disclosure of evidence by not requesting a continuance). We therefore conclude that Defendant waived this argument. Accordingly, we hold that Defendant has not demonstrated reversible error.

**Speedy Trial**

{4} Defendant argues that the district court erred in denying his motion to dismiss on speedy trial grounds. This Court issued a calendar notice proposing to affirm the district court's ruling, because Defendant did not demonstrate a period of delay that was presumptively prejudicial. [CN 3] In other words, we proposed to conclude that

the delay in Defendant's case was not long enough to require inquiry into the other speedy trial factors. [CN 3-4] *See State v. Jacquez*, 1994-NMCA-166, ¶ 21, 119 N.M. 127, 888 P.2d 1009 ("[U]nless the threshold of a presumptively prejudicial delay is found, no further inquiry is necessary.").

{5}     In this Court's calendar notice, we stated that "[t]he right [to a speedy trial] attaches when the defendant becomes an accused, either at the time of arrest or upon the issuance of an indictment or information." [CN 4 (citing *State v. Laney*, 2003-NMCA-144, ¶ 10, 134 N.M. 648, 81 P.3d 591)]. We noted that a criminal complaint was filed in magistrate court on October 4, 2011; that an arrest warrant was issued on the same date; but, that Defendant was not arrested on these charges until April 2, 2012. [CN 4-5] A criminal information was subsequently filed in the district court on April 16, 2012. [CN 5] Defendant was tried on March 6, 2013. [MIO 16] Thus, this Court proposed to conclude that Defendant had not demonstrated a presumptively prejudicial delay, because the delay was under a year. *See State v. Garza*, 2009-NMSC-038, ¶ 2, 146 N.M. 499, 212 P.3d 387 (updating the presumptively prejudicial period to twelve months for simple cases, fifteen months for cases of intermediate complexity, and eighteen months for complex cases).

{6}     Defendant maintains that he was "accused" when the criminal complaint was filed and that, as a result, the delay exceeded seventeen months. [MIO 16]. However,

4

this Court has previously held that a criminal complaint is insufficient to trigger a defendant's speedy trial right. *See State v. Ross*, 1999-NMCA-134, ¶¶ 13-15, 128 N.M. 222, 991 P.2d 507 (holding that an indictment or information must be filed in a felony prosecution in order to trigger a defendant's speedy trial right and that the filing of a complaint in magistrate court is insufficient). Consequently, we conclude that the district court did not err in denying Defendant's speedy trial motion.

**Sufficiency of the Evidence**

{7}     Defendant contends that there was insufficient evidence to support his conviction for criminal sexual contact of a minor. This Court issued a calendar notice proposing to conclude that Victim's testimony was sufficient to support Defendant's conviction. [CN 6] In response, Defendant continues to argue, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that "[b]ecause [Victim] was unable to specifically say what she felt . . . that the evidence was not sufficient to establish that he touched her unclothed vagina." [MIO 20] As this Court set forth in our notice of proposed disposition, Victim testified that she awoke to find Defendant on top of her; that she discovered "her panties were not on her body and that she felt something 'awkward' on an area she later identified as her genitalia"; and that the following morning Defendant told Victim "not to tell." [CN 6 (quoting DS 1-2)] Defendant does

not challenge that Victim provided this testimony, but continues to assert that this evidence is insufficient. *See State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Defendant's assertion is insufficient to demonstrate error in the verdict or this Court's proposed disposition. Accordingly, we conclude that the testimony supports the jury's conclusion that Defendant "touched and applied force" to Victim's unclothed vagina. [RP 122]

**{8}** For the reasons stated above and in this Court's notice of proposed disposition, we affirm Defendant's conviction.

**{9}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**